## CHAPIN vs. THE STATE.

The statute, relating to the criminal jurisdiction of county courts, (Rev. Stat., tit. 6, ch. xi., act of 1854, § 1,) prohibits an appeal from the county to the superior court, of a complaint, founded upon the "act to prevent and remove nuisances from highways, rivers, and water courses," for the erection of a nuisance in a public highway, although the title to land was in question on the trial of such complaint.

On the trial of a question of dedication of land for a public highway, the acts and declarations of the owner when, and before, and after he opened the highway, are admissible to show the fact of the dedication, and his intention in opening the same.

The acts and declarations of such owner, after such dedication was complete, can not have the effect of revoking, or invalidating it.

THIS was a grandjuror's complaint against Herman Chapin, for a nuisance, in erecting a post and board fence across a public highway, in the town of New Hartford.

The complaint was founded upon the statute, entitled, "An act to prevent and remove nuisances, from highways, rivers and water-courses," and was originally brought before a justice of the peace.

After a trial upon the plea of not guilty, the defendant was found guilty, and ordered to pay a fine of four dollars and costs. He thereupon appealed to the county court, where, upon a trial by the jury, the title to the land over which the pretended highway, in the information mentioned, passes, and the right of way was a material question; and the jury having rendered a verdict against the defendant, he moved an appeal to the next superior court for said county, and offered to become bound, in good and sufficient surety, to the acceptance of said county court, in such sum as said county court might order and require, conditioned for the due prosecution of said appeal; but said court decided against said motion, and denied the defendant the right of appeal.

Upon the trial, the prosecutor claimed that said pretended way was, as such, dedicated by the defendant to the public

use, and, to prove said dedication, and to characterize the intention of the defendant in opening said road, the prosecutor, in reference thereto, offered evidence of the defendant's acts and declarations, done and made before, at the time, and subsequent to his opening said pretended way across said land, to which evidence the defendant objected, but the court admitted the same.

The defendant, to repel said pretended claim of dedication by him, and to show that, in opening said way as aforesaid, he did not intend to appropriate his land as public ways, offered to prove on said trial, other acts and declarations of his, on different times and occasions, and subsequent to the time when said way was opened by him, to which evidence the prosecutor objected, but the court admitted the same, and instructed the jury that, if they should find the fact of a dedication of said way as claimed by the prosecutor, then said dedication could not be revoked by the subsequent acts and declarations of the defendant, and that then such subsequent acts and declarations were not admissible.

It was further proved, and admitted, that said pretended highway was situated in the town of New Hartford, and passed mainly over the land of the defendant, and that sundry lots were bounded on said way, and houses public and private were erected thereon and in use, and that on, and in the vicinity of, said way, the defendant had valuable meadow-lands, which way furnished the defendant access to said lands, and the defendant claimed that said way was opened by him, for his own accommodation, to pass to and from his lands, and requested the court to instruct the jury, that, if they should so find, their verdict should be for the defendant; but the court did not so instruct the jury, but the court did instruct them that if they should find, from the evidence in the case, that the sole object the defendant had in view, in opening said way, was his own accommodation and not with a view to a dedication of the same to the public, then their verdict should be for the defendant.

The jury returned a verdict of guilty, which the court accepted, and judgment was rendered against the defendant. To reverse that judgment, the defendant then brought the present writ of error to the superior court, and was then reserved for the advice of this court.

*Hitchcock* and *Johnson*, for the plaintiff in error, contended that the denial of the appeal was erroneous.

The title to land was a material question, and the statute, upon which the information in question was founded, secures the right of appeal to the defendant. Rev. Stat., 697. This right is not taken away by the act, defining and altering the jurisdiction of the superior court, Rev. Stat., 346; because that act does not apply to, and therefore does not repeal, that part of the statute, upon which the prosecution in question is founded, which gives the defendant the right of appeal.

A violation of the first section of the act " to prevent and remove nuisances from highways," does not constitute an offence, and a crime, within the meaning of the act of 1854.

The prosecution in question is civil in its substance, (being the removal of obstructions to highways ;) civil in its results, no corporeal punishment being inflicted as a penalty ; and is criminal in its form of proceeding only.

II. The court erred in instructing the jury that, if they should find a dedication of said way, as claimed, this could not be revoked by the subsequent acts and declarations of the defendant, and that then such subsequent acts and declarations were not admissible in evidence.

To constitute a highway by dedication, there must be a dedication to the public use, and an acceptance on the part of the public. 19 Conn. R., 155, 169, 267, 268. 6 Pet., 431.

If the defendant had dedicated his land for the purposes of a highway, he could revoke such act of dedication, before, there had been an acceptance on the part of the public. And if so, he might show such revocation, by his acts and decla-

rations, made subsequent to the dedication, and before there had been an acceptance on the part of the public.

*Hall*, (state's attorney,) and *Foster*, for the defendant in error.

I. The proceeding is criminal, and the plaintiff in error had no statutory right to appeal to the superior court. The proceeding falls within the letter of the act. " The county court shall have sole cognizance and jurisdiction of all offences and crimes, &c., and of all appeals from justices of the peace." Rev. Stat., p. 346.

It is equally within the spirit of the act to relieve the superior court from a trial of criminal proceedings, wholly, by devolving the same upon the county court solely. This was the intent of the legislature in the enactment of this act.

II. Acts and declarations, before, at the time, and subsequent to, the opening of a highway, may, or may not, be the natural, proper, and indeed, the only indices of an intention to dedicate it to the public. 1. This bill of exceptions, in its omission to specify the nature of the acts excepted to, is fatally at fault. Such acts may, or may not, if the court could see from the record what they are, have been pertinent to the issue. But the bill being silent in reference to the nature of this evidence, the propriety of its admission by the court, on the trial below, is a legal presumption. The party claiming that an error had intervened, if he would obtain redress, should show in what the wrong consists. 2. In regard to the rebutting proof, offered by the plaintiff, the same want of particularity, as to its nature, exists, and the same presumption will hold. At any rate, the decision on this point was in his favor, and he has no grounds therefore, of complaint.

HINMAN, J. This was a prosecution against the defendant, for the erection of a nuisance in a highway ; and the defendant, by the statute, in relation to nuisances in high-

ways, rivers and water-courses, as it existed previously to 1854, had a right to appeal from the county to the superior court, if, on the trial, the title to land should come in question. The title to land was in question, in this case, and the defendant, by the former statute, had the right to appeal. But, by the act of 1854, Rev. Stat., ed. 1854, 346, § 1, it was provided, that the county courts should have sole cognizance and jurisdiction, of all crimes, then by law within the jurisdiction of either the superior, or county courts, and of all appeals from justices of the peace. This took away the right of appeal, and the county court was correct, in so deciding.

It is too plain to require discussion, or authorities, that the acts and declarations of the defendant, at the time when, as well as before, and after, he opened the road which the prosecutor claimed to have proved, had been dedicated, by the defendant, to the use of the public, were admissible to show both the fact of the dedication, and the defendant's intention in opening the road ; and also, that his acts and declarations, subsequently to the time when such dedication was complete, could not have the effect of revoking, or invalidating it. The county court properly qualified the claim of the defendant, as to the intention with which the way in question was opened by him, in requiring it to appear that his sole object, in opening it, was his own accommodation merely, and not the dedication of it to the use of the public.

There is, therefore, no error in the judgment complained of, and so we advise.

In this opinion, the other judges, WAITE and STORRS, concurred.

Judgment affirmed.