## JOHN KELLY

### *v.*

## THE CITY OF CHICAGO.

1. DEDICATION—*concerning proof of—what must be.* This court has repeatedly said upon the question of dedication, that in order to justify the holding that title

has been divested by dedication, the proof must be clear, either of an actual intent so to do, or of such acts or declarations as will equitably estop the owner from denying such intention.

2. SAME—*what will not be considered satisfactory evidence of.* Where a roadway was opened through certain premises by digging ditches on either side, and without the knowledge of the owner, who was absent from the State, but who afterwards permitted it to be constantly used as a highway by the public: *Held*, that his failure to enclose the premises, or institute actions of trespass against parties so using it, cannot be regarded as conclusive evidence of an intention to dedicate.

3. SAME—*presumption of—rebutted.* And in such case, when the proof showed that during the same year in which such roadway was opened, the owner placed upon record a formal instrument of dedication, opening a street through a portion of his property, but stopping at that part so in use by the public, and which, in the recorded plat, had always been laid out into lots, such evidence must be regarded as rebutting any presumption which may be drawn from user by the public of such roadway, of an intention to dedicate.

APPEAL from the Superior Court of Chicago; the Hon. JOSEPH E. GARY, Chief Justice, presiding.

This was an application made to the Superior Court of Chicago, by the appellee, the city of Chicago, for a judgment on a certain warrant, issued to collect a special assessment for the opening of Myrick Avenue, from its northerly terminus to twenty-ninth street. The court below entered judgment against the property, according to the application; to reverse which, the case is brought to this court by appeal.

The only objection to the assessment is, that the part of the street proposed to be opened had been previously dedicated by the owner as a public highway, and part of Myrick Avenue, and that he is not now entitled to be paid for the same. The court below decided there was not sufficient proof of a dedication.

Messrs. MOORE & CAULFIELD, for the appellant.

Mr. S. A. IRVIN, for the appellee.

Mr. JUSTICE LAWRENCE delivered the opinion of the Court:

The only question in this case is, whether there is sufficient
evidence of dedication, and we agree with the superior court,
that there is not.    As this court has in several cases said,
in order to justify us in holding that title has been divested
by dedication, the proof should be very satisfactory, either of
an actual intention to dedicate, or of such acts or declarations
as should equitably estop the owner from denying such inten-
tion.

In this case, although a road-way or street was thrown
up in 1854, by digging ditches on each side, yet Myrick, the
owner, was, at the time, out of the State, and this was done
without his knowledge.   From that time to the present, he
has permitted the road-way to be constantly used by the pub-
lic, but that he could not prevent, except by enclosing the land
or bringing actions of trespass, and we can not hold that a
failure to do this is conclusive evidence of an intention to
dedicate.

But, whatever weight might be given to this evidence,
standing by itself, it is met by proof, that in the same year
when this street was thrown up, the owner executed and
placed upon record a formal instrument of dedication, opening
the street through a portion of his property, but stopping at
the part now in controversy ; and this part, although the pub-
lic has been using it as a street, has always been laid out in
lots in the recorded plat of his addition.   We must regard this
evidence as rebutting any presumption of intention that might
be drawn from user by the public of his vacant and unen-
closed land.

The evidence of the witness, Kelly, is flatly denied by that
of Myrick, and both are interested.   There remains only the
testimony of Riebling, to the effect that he purchased a certain
lot as a corner lot, which it would not be if Myrick Avenue
were not continued to twenty-ninth street.   But the language

of the witness is, that Myrick said, "it would make a good business corner some day," which may well be construed as merely meaning that Myrick Avenue would some day be continued to twenty-ninth street, and anticipating that fact, the parties spoke of this lot as a corner lot, as it is now being made in this proceeding.

We see no ground for reversing this judgment.

*Judgment affirmed.*