Larbemobe, J.
[After stating the facts.]—No map of said premises was ever made by Mrs. Audubon. No proceedings have ever been taken by the public authorities to open said street, and on an official map recently made, this strip of land is not laid out as a street, and does not appear thereon.
This fact summarily disposes of the question as to the right to have and use said strip of land as a street.
The plaintiff claims, however, that by the boundaries contained in the deeds by Mrs., Audubon, there was a dedication of the land called One hundred and fifty-sixth street as and for a street, and that the same is subject to an easement and right of way for the benefit of the owners of lands fronting thereon, to the full extent of the width thereof, and that it should be kept open for that purpose.
To this end she seeks the judgment of the court, and that defendants may remove all fences and obstructions from the southerly half of said street, and refrain thereafter from obstructing the same.
The question of dedication is one of intent, to be established by acts unequivocal and decisive in their *396 character and unmistakable in their purpose (Hunter v. Trustees Sandy Hill, 6 Hill, 407; Carpenter v. Gwynn, 35 Barb. 395).
This principle is general in its application, whether construed as in favor of the public or as between owners and purchasers.-
Did Mrs. Audubon intend that a street of the width of sixty feet should be opened at once, and in any event, for the benefit of her immediate grantees, whether it should be accepted or not by the public authorities % Did those grantees so understand it, when, in the very instrument in which such dedication is alleged to have been made, is contained a reservation on her part and a covenant on theirs as to a right of way through,and along the street in question %
No demand appears to have been made on their part, or that of their successors in interest, xfor the opening and use of the street; on the contrary, the road reserved in the deeds has been used and accepted by them as sufficient for all purposes of ingress and egress to and from the lands in question for more than twenty years.
' It is evident, then, that the alleged dedication was qualified and not absolute. That it was intended to take effect only upon an acceptance by the public authorities.
But it is urged, with great force, that the question in dispute has already been adjudicated. That where an owner of city property - sells it in lots or parcels bounded on a street, whether open or designed, and by reference to a map made and filed, such act alone constitutes a dedication of the land included in the proposed street.
But in the cases relied upon to sustain this proposition, viz. : Livingston v. Mayor, &c., 8 Wend. 85; Wyman v. The Same, 11 Id. 487; In re Thirty-ninth street, 1 Hill, 191; and In re Seventeenth street, 1 *397 Wend. 262,- the question of acceptance was not in dispute.
These were cases arising upon assessments made for the opening of the streets by the public authorities, and the fact of acceptance was the basis of the whole proceeding.
The general term of the supreme court, in Badeau v. Mead (14 Barb. 328), after a review of the earlier decisions, holds, “ that a grant, whether inferential or direct, or whether to the public or to a private individual, is inefficacious until accepted by the grantee ; that the doctrine of dedication has been carried far enough and ought not to be extended.”
And the court of appeals, in Fonda v. Borst (2 Abb. Ct. App. Dec. 155), held, that a purchaser of a lot designated and laid out on a map, as bounded by a street, was not entitled to have said street opened until it had been accepted by the public. This decision makes no distinction between urban and rural property. .
The land in dispute not having been accepted by the public authorities, there was no dedication of it as a street, nor has there been any acceptance or use of it as a road to the extent mentioned in the allegation of dedication.
The plaintiff having the full and undisturbed possession and enjoyment of an easement or right of way accepted by the original grantee, and used by him and those claiming under him for over twenty years, cannot sustain this action. And judgment must be rendered for the defendants therein.
Daly, C. J.
I think the decision of the judge below was correct. The appellant’s ’counsel conceded upon the argument that One hundred and fifty-sixth street had never been dedicated as a public street, and that they did not put their claim upon that ground; but *398 upon the ground that, as between the parties to the deeds under which the plaintiff and the defendants derived their titles to the lands held by them respectively, a right of way to the extent of One hundred and fifty-sixth street, as that street is laid down upon the commissioners’ map of 1807, passed to the original grantors.
This is assumed to follow from the fact that Mrs. Audubon, when she conveyed the land in 1851 to her two sons in separate parcels, conveyed all on the north of the center line of One hundred and fifty-sixth street to her son, Victor Gr., and all on the south of that line to her son, John W., the plaintiff’s title being derived under Victor Gr., and the defendants’ under John W. Audubon.
It does not necessarily follow that because Mrs. Audubon bounded the lands conveyed to her two sons upon One hundred and fifty-sixth street, that the effect of it was to give to each of them a right of way to the extent of the designated street, whether it was accepted or not by the public authorities as a public street.
It was laid down upon the commissioners’ map of 1807 as a street; and in view of the possibility that it might be accepted by the public authorities and laid out as a street, she made out her conveyances in anticipation of an event that was not only possible but highly probable.
It never was, however, accepted by the public authorities ; but, on the contrary, upon the map of the city of the commissioners of the Central Park of 1869, who had authority from the legislature to lay out that part of the city in streets, it was omitted, and in the deed of the land conveyed to the plaintiff, and bounded by the north line of One hundred and fifty-sixth street, the street is declared not to be opened or laid out. No *399 easement, therefore, or right of way to the whole extent of the land designated upon the map of 1807 as One hundred and fifty-sixth street, was ever acquired by the plaintiff under the deeds of Mrs. Audubon, or by any dedication or acceptance of it as a street.
When Mrs. Audubon conveyed the separate parcels to her sons in 1851, there was a lane, extending from the Eleventh avenue, and running along what is now the defendants’ land, and then across One hundred and fifty - sixth street, which about that time was abandoned, and, as would seem, for the general convenience of all parties, and with their implied consent, a new lane was substituted, running along the Eleventh avenue to One hundred and fifty-sixth street, and then along One hundred and fifty-sixth street, between what is now the lands of the plaintiff and the defendants, which lane on One hunhundred and fifty-sixth street is now twenty-five to twenty-seven feet in breadth, and wide enough for a carriage ; which lane has been substantially in the same place, and in use uninterruptedly as a public way since at least 1852.
This lane is now enclosed on each side with a fence, the defendant’s husband having been the first to put up a fence on the.plaintiff’s side, about fourteen years before the trial, which four or five years before the trial he moved a few feet, encroaching upon the lane.
The deeds made by Mrs. Audubon to her sons each contained a covenant that she and her heirs, &c., should have a sufficient right of way through and along the part of the Twelfth avenue and One hundred and fifty-sixth street then conveyed, for all legal purposes, to use the same as a public road; and the lane now in use, as a substitute for the former one, was made by Mr. Audubon, one of the grantees, in 1852, as would *400 seem in conformity with and to carry out this covenant.
• If Mrs. Audubon meant that this easement or right of way should extend along the line and to the breadth of One hundred and fifty-sixth street, as that street was then laid down upon the map referred to, it was an easy matter to have said so, instead of using such language in her deeds as “a sufficient right of way for all legal purposes, to use as a public road,” which shows that what she meant was what already existed,—a sufficient public road through the land,—and which, immediately after her conveyance, was carried out by changing the old road or lane, and running it between the two separate pieces of land she had conveyed to her sons, and bounded by the center line of One hundred and fifty-sixth street, as that street was laid down on the pre-existing maps.
This lane the plaintiff has the enjoyment of in common with the public, and it is all the easement she has in the land lying between her and the defendants, beyond any right she may have acquired by the conveyance made to her husband by the executrix of John W. Audubon, which it is not material here to inquire into.
The judgment should be affirmed.
On appeal to the court of appeals the judgment was affirmed in February, 1877, without further opinion.
Note on Evidence op Dedication.
A highway can be proved to be such without producing the deed or record establishing it. Cook v. Harris, 61 N. Y. 454 ; 1 Whart. Ev. 96, § 77 ; citing Woburn v. Henshaw, 101 Mass. 193.
But parol testimony that it was such, is alone incompetent, espec *401 ially where it appears, that the place was never opened, worked or used as such. In such case there must be documentary evidence that it was laid out. Harrington v. People, 6 Barb. 607.
Where it is sought to prove the existence of the highway, by the official proceedings to lay it out, it must appear on the face of the proceedings of the commissioners (or by proof aliunde), that they acquired jurisdiction in the particular case. Miller v. Brown, 56 N. Y. 383.
A record, purporting to be the record of a highway, laid out by them, which fails to show affirmatively that jurisdiction was acquired, cannot be helped by intendment, based on the fact, that the commissioners were public officers acting in the discharge of a public duty, especially where the record is set up to justify an entry upon land, which, in the absence of a public right of way, was clearly a trespass. li.
The original record of the proceedings being void, the laying out of the highway was void, and an omission to appeal from the result of the proceedings does not preclude the person interested from contesting, in another action, the existence of a legal highway. li.
But, one joining in the petition and subsequently confirming the result, may be estopped from objecting to the validity of the proceedings. Trickey v. Schlader, 53 Ill. 78. Compare Scott v. State, 1 Sneed, (Term.) 629.
Public documents of an ancient date, and papers of the party denying the dedication, which referred to the street as then existing, Held, competent. Kennedy v. Jones, 11 Ala. 63.
To prove a highway, by dedication, three facts must be shown : intention to dedicate, an act of dedication, and an acceptance by the public. State v. Green, 41 Iowa, 693 ; Buchanan v. Curtis, 25 Wis. 99 ; S. C., 3 Am. R. 23; Manderschid v. Dubuque, 29 Iowa, 73; Cook v. Harris (above cited).
In some jurisdictions, mere user, sufficiently long continued, is enough to prove acceptance ; in others, there must be an official acceptance. Where mere user is enough, it must, according to some authorities, be for the statute period ; according to others, user sufficient to show that the public convenience requires the road, is enough. Buchanan v. Curtis, 25 Wis. 99 ; S. C., 3 Am. R. 23. And see Cook v. Harris, above, and cases there cited; Laws of N. Y. 1877, c. 465
And in some States it-is held, that if an intent to dedicate permanently is once adequately manifested, acceptance is not necessary to preclude revocation. The public have a right to accept, at a future time, as their wants require. Meth. Episc. Ch. v. Hoboken, 33 N. J. L. 13.
The intent to dedicate may be presumed or inferred from long pub- *402 lie user, with knowledge, on the part of the owner, who acquiesces. Wilson v. Sexon, 27 Iowa, 15.
Acquiescence as well as knowledge must be shown. Daniels v. Chicago, &c. R. R. Co., 35 Iowa, 129 ; Sullivan v. State, 52 Ind. 309.
Where the owner was absent when the way was opened, though he, on returning, did not close it, nor sue for trespass,—Bold, that there was no dedication. Kelly v. Chicago, 48 Ill. 388.
The evidence from circumstances must be such as to indicate, not a privilege revocable at the owner’s pleasure, but a right exercisable without regard to his wishes. Beall v. Clore, 6 Bush (Ky.) 676.
User by the public, not adverse to the exclusive claim of the owner, but under and in connection with his use in the manner desired by him, is not evidence of intent to dedicate. Talbott v. Grace, 30 Ind. 389.
Thus, where ground is laid out as a private alley, allowing the public to pass and repass does not prove intent to dedicate it to public use. Hemingway v. Chicago, 60 Ill. 324.
So, where the owner uses his own wharf property, his allowing the public to pass and repass is not evidence of intent to dedicate it. Boeres v. Strader, 1 Cinc. (0.) 59 ; Post v. Pearsall, 22 Wend. 475 ; affirming 20 Id. 111.
A mere parol expression of intention is not alone enough ; but, together with acceptance or acquiescence in the enjoyment by the public, may prove a dedication. Cook v. Harris, above; Robertson v. Wellsville, 1 Bond, 81.
The acts of the owner, and the surrounding circumstances, are competent on the question of intention. Wood v. Hurd, 34 N. J. L. 87. S. P., Harding v. Jasper, 14 Cal. 642.
Declarations made before acquiring title, are not enough, without evidence of recognition after it. Nelson v. City of Madison, 3 Biss. 244.
Acts and declarations contemporaneous with the alleged dedication, are more cogent than the testimony of the person, as to what was his intent. Columbus v. Dahn, 86 Ind. 330.
Acts and declarations subsequent to manifested dedication, may confirm, but cannot usually revoke it. Compare Chapin v. State, 24 Conn. 236 ; Buchanan v. Curtis, 25 Wis. 99 ; S. C., 3 Am. R. 23.
Maintenance of obstructions across the way is competent to show absence of intent to dedicate. State v. Green, 41 Iowa, 693.
To make out dedication by an agent, his authority should be shown. Nelson v. City of Madison, 3 Biss. 244. Or subsequent recognition of his acts, by the principal. State v. Merrit, 35 Conn. 314.
Where there is no expressed dedication, the question of intention *403 is a mixed question of law and fact, to be determined by the jury, under instructions of the court. Wood v. Hurd, 34 N. J. L. 87.
Stronger proof is required to establish a dedication in favor of the dedicator, as a ground of action by him, than against him. Rector v. Hartt, 8 Mo. 448.
An expressed dedication of a part of a way, used by the public, rebuts the presumption of intent which might be drawn from user of the other part. Kelly v. Chicago, 48 Ill. 388.
Where the act of dedication, on the part of the owner, is a proposition to the public authorities, expressed acceptance must be shown. Parsons v. Atlanta Univ., 44 Ga. 529.
The adoption by the common council of a committee report, stating a dedication, is evidence of it against the corporation. Mayor, &c. v. Franklin, 12 Ga. 239.
Acceptance may be proved by an act of the legislature of the State, or of congress. Hoadley v. San Francisco, 50 Cal. 265.
User (short of the statute of limitations) without intention to dedicate, is not enough. Buchanan v. Curtis, 25 Wis. 99 ; S. C., 3 Am, R. 23.
The assessment or non-assessment of taxes on the property, is competent. See Irwin v. Dixion, 9 How. U. S. 10.
Repairing and "controlling may be proof of acceptance without formal action of expressed acceptance. Shartle v. Minneapolis, 17 Minn. 308 ; Rutland v. Dayton, 60 Ill. 58.
Acts of the authorities in appropriating money or labor, are competent to show acceptance. Wright v. Tukey, 3 Cush. 390.
Whether a prosecution for obstructing is evidence of acceptance. Compare 4 Am. R. 196, 202 ; Steph. Ev. 53.
That public acceptance of a part of a system of streets, laid out and dedicated) in anticipation of the future, may be a constructive acceptance of all,—see Town of Derby v. Alling, 40 Conn. 410. And see State v. Trask, 6 Vt. 355.
User to less than the entire width, may be sufficient evidence of acceptance to the entire width. Simmons v. Cornell, 1 R. I. 519.
To prove user, evidence of a public plot, marking the land as a street, and that no taxes had been assessed thereon, is competent, even without bringing these facts home to the knowledge of the land owners. Tingley v. Providence, S R. I. 493. .
A deed by the city to an adjoining purchaser,—Meld, evidence. Mayor, &c. v. Franklin, 12 Ga. 239.
Abandonment may be inferred from circumstances or presumed from long-continued neglect. Town of Derby v. Alling, 40 Conn. 410.
*404 As to evidence of interruption of user,—see Connor a. Sullivan, 40 Conn. 26 ; S. C., 16 Am. R. 10.
Dedication does not necessarily divest the fee (compare 48 Ind. 178 ; 50 Cal. 171 ; 6 Hun, 486); it may be restricted to special uses. See Mowry v. Providence, 10 R. I. 52 ; Warren v. Grand Haven, 30 Mich. 24 ; Supervisors v. Ellison, 8 W. Va. 308 ; Princeville v. Auten, 77 Ill. 325.