# WILLIAM KYLE

*v.*

# THE TOWN OF LOGAN.

1. EVIDENCE—*surveyor's certificate.* There is no statute making the certificate of a county surveyor evidence in a cause. A copy of his record of a survey is made *prima facie* evidence.

2. SAME—*survey of road.* A survey of a road, made some eight years after the land owner had made his fences, with a view to a prosecution against him for having his fence in the highway, and to manufacture evidence, seems not properly admissible in evidence against him.

3. DEDICATION—*proof must be clear as to intent.* To show that title is acquired to land for a public road by dedication, the proof should be very satisfactory either of an actual intention to dedicate, or of such acts and declarations as should equitably estop the owner from denying such intention.

4. SAME—*owner of land alone can make.* A dedication of land for a public highway can be made only by the owner of the title to the ground. What any one in possession may have said, indicating an intention to dedicate, without proof that he was the owner, amounts to nothing.

5. SAME—*of vacant land for road.* The public does not acquire a public road over vacant and unoccupied land by travel over the same for twenty years or more, merely from acquiescence on the part of the owner.

6. A dedication from a *user* for twenty years, or. for a less time, may be presumed; but acquiescence, with a knowledge of such use by the public, without objection, is not conclusive evidence of a dedication. The presumption arising from such fact may be overcome by any other proper evidence.

APPEAL from the Circuit Court of Peoria county; the Hon.
J. W. COCHRAN, Judge, presiding.

Messrs. PUTERBAUGH, LEE & QUINN, for the appellant.

Mr. D. McCULLOCH, and Mr. JOHN MUCKLE, for the appel-
lees.

Mr. JUSTICE BREESE delivered the opinion of the Court:

This was a prosecution, originally brought before a justice
of the peace, to recover a penalty for obstructing a public
road, and taken by the defendant to the circuit court by appeal,
in which court a judgment was also rendered against the
defendant, to reverse which he appeals to this court.

The only question of any importance in the case is, was the
land on which the fence was erected by the defendant a public
road or a part of a public road.

The land in question is the southwest quarter of the north-
west quarter of section 17, in township 8 north, in range 6
east of the fourth principal meridian, in Peoria county, and
was purchased by appellant of one Isaac N. Kimley, some
time in 1866. It was vacant and unoccupied, the public trav-
eling over it in every direction they chose, and whenever and
wherever they pleased. It so remained until in February,
1866, when appellant commenced to improve it by fencing it.
The public had traveled over this land, unopposed, for more
than twenty years preceding this time, but the travel was not
confined to any particular track. There had been several
efforts to lay out a road on or near the north line of the tract,
but, as we regard it, no road has been established by any
action of the civil authorities, and this seems to be admitted
by appellees in their argument; nor is it claimed by appellees
that Birkett's survey, made in 1874, established any new rights
in the public, or that it established a road where none existed
prior thereto. All that is claimed for it is, if there was a road
there, it became, by that survey, a matter of public record,
and the plat made by Birkett was proper to be used on the

trial as the evidence of the courses and distances of his survey, and proper to go to the jury in fixing the location of appellant's fence with reference to the present line of travel, as compared with that formerly used by the public.

We understand this survey by Birkett, the county surveyor, a plat and certificate of which were in evidence, against appellant's objection, was made eight years and more after appellant had erected his fence, and was done in that particular way by the order of the commissioners of highways, one of whom testifies they were afraid to rely on the old surveys, and wanted a new one on which to base their claim against Kyle. Had the survey been made before appellant built his fence, it would, perhaps, be all right, but, done as it was, it has the appearance of an attempt to manufacture evidence to help the case. Besides, we have no statute making the certificate of a county surveyor evidence in a cause. The statute prescribing the duties of that officer, provides that he shall make a record of his surveys, a copy of which record, certified by him, shall be *prima facie* evidence.

We understand it to be conceded by appellees there is no record of any highway at this point established by the civil authority, but they contend there was a public highway there, either by dedication, or by an user for twenty years, or by prescription, on which the appellant encroached and obstructed by building his fence. As to dedication of this land for a road, we think the testimony is quite unsatisfactory. In order to justify a claim that title to a tract of land has been divested by dedication, the proof should be very satisfactory, either of an actual intention to dedicate or of such acts and declarations as should equitably estop the owner from denying such intention. *Kelly* v. *City of Chicago*, 48 Ill. 388. The intention of the party must govern as to a dedication, and if of a public highway, it must be by the owner of the title to the ground. *Gentleman* v. *Soule*, 32 Ill. 271. Now, whatever Lee or Kimley may have said or done in regard to this piece of land, while in the possession of either, can be of no validity,

as they are not shown to have had any title to the ground, but were in mere possession, such as a squatter might have, who makes his home on a tract of land belonging to the government or to an individual; and the use of the land for a road, under such circumstances, and such acquiescence for twenty years or more, would amount to nothing. Our experience teaches that land has been used by the public, in different parts of the State, for purposes of travel, when it was vacant and unoccupied, the owner having no occasion to occupy it exclusively. It would be unjust to say that the public, by this acquiescence, under such circumstances, acquired a title to a part of the land.

The owner of the land must do some act, or suffer some act to be done, from which it can be fairly inferred he intended a dedication to the public. Acquiescence, with knowledge of the use by the public, without objection, is not, as held by the circuit court, conclusive evidence of a dedication, for it may be rebutted. The second instruction for appellees, announcing this principle, was erroneous. A dedication, from an user of twenty years, and for a shorter time, may be presumed, but it is not conclusive. The owner might show any fact which would overcome the presumption. Some courts have held such an user must be adverse to the claim of the true owner.

The remarks of the court, in *Warren* v. *The President, etc. of the Town of Jacksonville,* 15 Ill. 236, are, in this connection, proper to be repeated. It was there said, while so much land, lying in common in the country, remains free to public use and travel, until circumstances induce owners to inclose, we can deduce no strength of inference or conclusion from mere travel across it by the public without objection from the owner. It is neither the temper, disposition, fashion nor habit of the people, or custom of the country, to object to community enjoying such privilege, until owners wish to inclose.

We do not think the evidence is sufficient to maintain the prosecution, either as a dedication or prescription, and the

second instruction of appellees was wrong; and the judgment must be reversed and the cause remanded.

*Judgment reversed.*