## SAMUEL L. FOX

### v.

## JOHN VIRGIN ET AL.

1. HIGHWAY—DEDICATION.—In order to justify a claim that land has been dedicated by the owner for the use of the public, the proof should be very satisfactory either of an actual intention to dedicate, or of such acts and declarations as should equitably estop the owner from denying such intention.

2. PRESCRIPTIVE RIGHT.—The mere acquiescence of the owner in public travel over his wild uninclosed land for over twenty years, is not sufficient to give the public a title to any part of the land. Before the owner can be prejudiced in his title he must do some act or permit some act to be done from which it may fairly be inferred he intended to dedicate it to the public.

APPEAL from the Circuit Court of Morgan county; the Hon. CYRUS EPLER, Judge, presiding. Opinion filed January 13; 1880.

Messrs. BROWN, KIRBY & RUSSELL, for appellant; that the intention to dedicate must clearly appear, cited Town of Princeton v. Templeton, 71 Ill. 68; McIntyre v. Storey, 80 Ill. 127; Marcy v. Taylor, 19 Ill. 634; Kelly v. City of Chicago, 48 Ill. 388; Gentleman v. Soule, 32 Ill. 271; Godfrey v. City of Alton, 12 Ill. 30.

*Prima facie*, appellees were trespassers, and the burden is upon them to show that they acted by authority of law: Linblom v. Ramsey, 75 Ill. 246.

Mr. GEO. W. SMITH and Messrs. MORRISON, WHITLOCK & LIPPINCOTT, for appellees.

DAVIS, P. J. Appellant sued appellee, in an action of trespass, for entering his close, breaking down his fences and permitting his stock to escape. The defense was, that appellant had fenced up a public highway, and that appellees had removed the fences and opened the road, as they had the legal right to do.

The jury found for appellees, and from the judgment rendered against appellant for costs, he appeals.

Appellant was the owner of forty acres of land, and it is claimed by appellees, that the public had traveled over the land, from the N. E. corner to the S. W. corner in a diagonal direction for over twenty years, and that appellant had fenced the tract about four years ago, leaving open about twenty feet on the west and north side of the forty, and by doing so had dedicated the ground left open to the public, and the public had accepted the dedication.

The evidence does not support the claim of dedication. In order to justify a claim that land has been dedicated by the owner for the use of the public, the proof should be very satisfactory either of an actual intention to dedicate or of such acts and declarations as should equitably estop the owner from denying such intention. Kelly v. City of Chicago, 48 Ill. 388.

In this case the evidence is direct and positive, that appellant never intended to dedicate the land, and his act of leaving open the twenty feet on the west and north sides of his forty-acre tract, is satisfactorily explained. It appears there was some controversy existing as to whether there was or should be a road where the land was left open. Appellant claimed damages for the value of the land, etc., and had a conversation with the three commissioners before he fenced the land, and forbade the opening the road until the question of damages was settled. He left the ground open on the two sides, so that he would not be obliged to remove his fences, if the damages were settled. This evidence conclusively negatives the claim that he dedicated the open ground to the public.

Appellees also claimed the road was a public highway because the public had traveled over the forty-acre tract for over twenty years. The evidence shows that the land was wild, un-

inclosed, uncultivated timber-land, and remained in its natural state until it was fenced by appellant.   It seems, while in that condition, the neighbors, in passing backwards and forwards to the church, school-house and the like, passed over this land and used four several passways in different directions over the same forty.

We do not think the claim of a prescriptive right of way over the land has been sustained.   The mere acquiescence of the owner in public travel, over his wild, uninclosed timber-land, for over twenty years, is not sufficient to give the public a title to any part of the land.   It has not been the custom of our people to prohibit the public from passing over such land, and before the owner can be prejudiced in his title, he must do some act or permit some act to be done from which it can be fairly inferred he intended to dedicate it to the public.   Kyle v. Town of Logan, 87 Ill. 64.

The following instruction, given for appellees, was not in harmony with these views, and should not have been given: "The court instructs the jury for the defendants, that in this case, if they believe from the testimony that the forty acres of land mentioned in the testimony was open and uninclosed for many years, and that the public had used a line of travel across the same for more than twenty years without interruption, then by such use for twenty years therein, the public acquired a right to travel over said land in the said line of travel."

The following instruction, also given for the appellees, does not state the law accurately, and should not have been given: "The court instructs the jury for the defendants that a road may be established by a dedication as well as by proceedings in court, and if the jury find from the evidence in this case that the plaintiff, at the time of fencing up his lands, fenced up and stopped a publicly traveled road, and one that had been used by the public as a public highway for more than twenty years, and at that time also left a lane on the north and west sides of his said lands, for the purpose of being used as and for a public highway, then such act amounts in law to a dedication, provided the public accepted the same, and did work upon it as a public road."

The error in the instruction was in telling the jury that the act of appellant in leaving a lane on the north and west lines of his land, for the purpose of being used as and for a public highway, in law amounted to a dedication.

The act might or might not amount to a dedication.    If he so left the lanes, with the intention of permitting the public to use them as highways permanently, it did amount to a dedication.    But if he so left the lanes to be temporarily used by those who wished to pass through, until it could be definitely determined whether the land would be taken for public highway, it did not amount to a dedication.    The real question for the jury was whether appellant intended to dedicate the land left open to the use of the public as highway, and in determining that question, all his acts and declarations should be considered.

Judgment reversed and cause remanded.

Judgment reversed.