## JOHN PEYTON
## v.
## JOHN D. SHAW ET AL.

1. PUBLIC HIGHWAY—PRESUMPTION FROM TWENTY YEARS USER.— The presumption arising from twenty years user of a way is not conclusive, but it may be rebutted by showing facts to overcome such presumption. (Kyle v. Town of Logan, 87 Ill. 64.)

2. WHERE USER FOR LESS THAN TWENTY YEARS.—Where the user has been for a shorter period than twenty years, a dedication of the land to public use may be shown by such acts or conduct on the part of the owner as indicate an intent on his part to dedicate the same, and an acceptance thereby by the public.

3. LANDS LYING IN COMMON AND UNINCLOSED —In the case of lands lying uninclosed and in common, until circumstances induce owners to inclose, no strength of inference or conclusions can be deduced from mere travel across it by the public, without objection from the owner.

4. INSTRUCTION.—An instruction that "if the public continuously use a road as a public highway for more than twenty years without interruption, interference or objection on the part of the owner of the land on which such road is located, the presumption of law is that the owner of the land has dedicated such road to the public use," Held, to be erroneous, in that it does not except uninclosed and unimproved lands lying in common from the operation of the general rule.

5. CIRCUMSTANCES WEAKENING PRESUMPTION OF DEDICATION.—Where the lands east and west of appellant's house were vacant and unoccupied, and appellant had for many years kept the road fenced without any objection on the part of the public, and the people of the vicinity, including two

of the defendants, petitioned for the new road, and the other defendants acted upon said petition and allowed appellant damages for taking his land, and upon appeal to supervisors, the action of the commissioners in laying out the road was approved. *Held*, that the presumption of a dedication from twenty years public user is greatly weakened.

Appeal from the Circuit Court of Hancock county; the Hon. J. H. Williams, Judge, presiding. Opinion filed July 3, 1884.

Messrs. Hooker & Edmunds, and Messrs. Manier & Miller, for appellants; as to what constitutes a highway by prescription, cited Washburn on Real Property, 2d Ed. 41–48; Washburn on Easements, 131, 178; Angell on Highways, § 131; Powell v. Bagg, 8 Gray, 441; Smith v. Miller, 11 Gray, 145; Gentleman v. Soule, 32 Ill. 271; Grube v. Nichols, 36 Ill. 92; Manrose v. Parker, 90 Ill. 581; C. & N. W. Ry. Co. v. Hoag, 90 Ill. 348; Owen v. Crossett, 105 Ill. 354; Parker v. Foote, 19 Wend. 313.

The land being open and uninclosed is a circumstance from which it might be presumed the use was permissive, especially when connected with the fact that all such lands in the vicinity were so used: Hewins v. Smith, 11 Me. 238; Lawton v. Rivers, 2 McCord, 452; Capers v. Wilson, 3 McCord, 170; Rowland v. Wolf, 1 Bai. 58; Walt v. Trapp, 2 Rich, 136; Gibson v. Durham, 3 Rich, 85; Hults v. Truesdale, 6 Rich, 396; Short v. Walton, 61 Ga. 28; Boyden v. Achenbach, 79 N. C. 539; State v. Kansas City Ry. Co., 45 Ia. 139; Angell on Highways, § 151; Phipps v. State, 7 Blackf. 512.

Mr. John H. Finlay, Mr. George J. Rogers and Messrs. Scofield & Scofield, for appellees; that to render the enjoyment of any easement for twenty years a presumption *juris et de jure*, or conclusive evidence of right, it must have been continued uninterrupted, or under claim of right with the implied acquiescence of the owner, cited 3 Kent's Com. 442; Denning v. Roome, 6 Wend. 651; Worral v. Rhodes, 2 Whart. 427; Hill v. Crosby, 2 Pick. 466; Cuthbert v. Lawton, 3 McCord, 194; Valentine v. Boston, 22 Pick. 75; Greely v.

Quinby, 2 Foster, 216; Smith v. State, 3 Zahr, 130; Hart v. Trustees, 15 Ind. 226; Onstott v. Murry, 22 Ia. 457; Ewell v. Greenwood, 26 Ia. 377.

As to proof necessary to establish a highway by prescription: Garrett v. Jackson, 20 Penn. 331; Steffy v. Carpenter, 37 Penn. 41; Pence v. Cloud, 42 Penn. 102; Marcy v. Taylor, 19 Ill. 634; Town of Lewiston v. Proctor, 27 Ill. 414; Rees v. City of Chicago, 38 Ill. 336; People v. Comrs., 52 Ill. 498; 2 Greenleaf on Ev., § 662; Smith v. Town of Flora, 64 Ill. 93; Wragg v. Penn. Township, 94 Ill. 25; Green v. Canaan, 29 Conn. 157; State v. Atherton, 16 N. H. 203; Stevens v. Nashua, 46 N. H. 192; Conway v. Jefferson, 46 N. H. 521; Pritchard v. Atkinson, 4 N. H. 9; Hoole v. Attorney-General, 25 Ala. 190; Penquite v. Lawrence, 11 Ohio (N. S.), 274; Holcraft v. King, 25 Ind. 352; Warren v. Town of Jacksonville, 15 Ill. 236; Vail v. Mix, 74 Ill. 127.

As to a highway being acquired over vacant and uninclosed lands: Worral v. Rhodes, 2 Whart. 427; State v. Thomas, 8 Harris, 458; Wyman v. State, 13 Wis. 663; Smith v. Lee, 14 Gray, 473; Shugart v. Haliday, 2 Bradwell, 45; Owens v. Crossett, 105 Ill. 354; Galbraith v. Littiech, 73 Ill. 209.

McCULLOCH, P. J. This was an action of trespass brought by appellant against appellees for breaking and entering his close, tearing down his fences, taking away his gates, cutting down his trees, and otherwise doing damage to his realty. The defendants interposed a plea in justification of their acts that the *locus in quo* then was, and of right ought to have been a public highway, established by public user for twenty years, and that the same had never been vacated in pursuance of law; that plaintiff had unlawfully erected and built gates, fences and other obstructions in and upon the same, to remove which the defendants, as highway commissioners, and their servants, entered upon the premises of the plaintiff, as they lawfully might, and removed the same, doing no unnecessary damage.

It appears from the evidence that the alleged road has been fenced up since about the year 1865 or 1869, the witnesses

Peyton v. Shaw.

being not wholly agreed as to the time. Before that time the lands over which the road is now claimed to exist, at least the places where the alleged trespasses were committed, had never been inclosed. Appellant had, however, fenced other portions of his land, in close proximity to, or perhaps to the very line of the road as now claimed, leaving for a short distance a narrow lane between his fields, through which the public travel, coming from the prairie lands on the east, was accustomed to pass in going to the timber lands, and a sand bank on the west, where it also connected with a public highway.

In order to establish a highway by user for twenty years, it is necessary to go back for that period of time prior to the date when appellant fenced up the road. It appears from the evidence that west of appellant's house the road, as used by the public, ran in a southwesterly direction, but whether or not it was confined to any clearly defined track or locality does not appear very satisfactorily from the evidence. East of his house it is claimed the line of public travel ran along or very near to the section line, except at one place where the road crossed a small stream. It is clear from the evidence, however, that for many years included within the twenty next prior to the time when appellant fenced up the road and put up his gates, these lands were wild, uncultivated and uninclosed.

The right of way which the public acquires by twenty years user is in the nature of a prescription at common law, and rests upon the presumption of a dedication by the owner. In Kile v. Town of Logan, 87 Ill. 64, it was sought to make the presumption arising from twenty years user conclusive, in analogy to the operation of the Statute of Limitations; but the Supreme Court held it not conclusive, but that it might be rebutted by showing facts to overcome such presumption.

Where the user has been for a shorter period than twenty years, a dedication of the land to public use may be shown by such acts or conduct on the part of the owner as indicate an intent on his part to dedicate the same, and an acceptance thereof by the public. Whenever an act of dedication has taken place and the same has been accepted by the public,

the right of way at once becomes vested in the public. Where no specific act of dedication can be shown, a dedication may be inferred from such a course of conduct on the part of the owner as evinces an intent on his part to dedicate the land to the use of the public. In this connection his acquiescence in the use of his land for purposes of public travel, seeing the public authorities expending the public moneys in improving and building bridges upon it, building his fences in such a way as to not interfere with the travel upon it, and other such acts, are circumstances from which a dedication may be inferred by a jury; and when such user accompanied by such circumstances has been continued for a period of twenty years, a dedication will be presumed. Kile v. Town of Logan, 87 Ill. 64; Alvord v. Ashley, 17 Ill. 369.

But, while this is the general rule, it is also held that in case of lands lying uninclosed and in common until circumstances induce owners to inclose, no strength of inference or conclusions can be deduced from mere travel across it by the public without objection from the owner. Warren v. Jacksonville, 15 Ill, 236; Kile v. Town of Logan, *supra;* Fox v. Virgin, 5 Bradwell, 515; S. C., 11 Bradwell, 513; Harper v. Town of Dodds, 3 Bradwell, 331.

It may be true, therefore, as intimated in Owens v. Crossett, 105 Ill. 354, that the public may acquire a right of way by prescription over uninclosed lands, yet the proof of such prescriptive right must rest on something more than mere travel over it by the public, acquiesced in by the owner, for since no inference of a dedication can be drawn from such permissive use of the land, it is very evident that so long as the adjoining lands remain uninclosed such use could never ripen into a prescriptive right.

The court below at the instance of the defendants gave the jury the following among other instructions:

"The court further instructs the jury, that if the public continuously use a road as a public highway for more than twenty years without interruption, interference or objection on the part of the owner of the land on which such road is lo-

Peyton v. Shaw.

cated, the presumption of law is that the owner of the land has dedicated such road to the public use."

This instruction does not conform to the principles of the decisions above cited, in that it does not except uninclosed and unimproved lands, lying in common, from the operation of the general rule.

We forbear commenting upon the sufficiency of the evidence to establish a right of way by prescription any further than to say, that in view of the fact that the road has now been fenced up for a period of at least fourteen years, the evidence contained in this record is not at all clear and convincing.

But there is another circumstance in the case in favor of appellant which is entitled to very great weight. The defendants set up in their plea that the road in question had been established by public user for twenty years, and that appellees Shaw, Hughes and Harris, as commissioners of highways, and appellees Blake and Parker as their assistants and servants, entered upon said highway and committed the acts complained of, in removing obstructions from the same as they lawfully might. Upon the trial appellant introduced in evidence the record of a certain proceeding by the public authorities in laying out a highway over the ground in question, from which it appears that on the 15th day of September there was filed in the office of the town clerk a petition duly signed, with proof of posting, for the laying out of a highway over the ground in question, which petition was signed by appellees Blake and Parker; that on the same day an order was made by appellees Shaw and Hughes, as commissioners of highways, granting said petition; that on the 5th day of November, in the same year, a final order was made, signed by appellees Hughes and Shaw, together with one Hartman, as commissioners, establishing said road as prayed for, and allowing appellant $196 damages for taking his land therefor; that from said order laying out said road, as well as from the order allowing him damages, appellant took an appeal to three supervisors, who affirmed the order of the commissioners in laying out the road, but made no disposition of the

question of damages. Thereupon the defendants (said Harris in the meantime having come into the board) tendered appellant the damages assessed to him by the commissioners of highways, and gave him notice to open said road under the proceedings had before the commissioners aforesaid, which was the only notice served upon him. Appellant having failed to remove his fences, appellees proceeded to open said road, claiming the right to do so by and under the proceedings of the commissioners aforesaid, and by no other right.

These proceedings, petitioned for by two of the defendants and acted upon by the others in their official capacity as commissioners of highways, are so clearly in the nature of admissions that there was no highway in existence along the line where the new road was laid and where the alleged damage was done, as to require evidence of a very satisfactory nature to overcome them. This evidence we do not find in the record. Appellees do not claim that there ever was a road laid out along the line in question, prior to the year 1881, nor do they rely for their defense upon any actual dedication of the land to public use other than that to be presumed from twenty years user. This presumption is greatly weakened if not entirely overcome by the fact that the lands both east and west of appellant's house were vacant and unoccupied. To this must be added the further fact that the appellant had for so many years kept the road fenced up without any objection on the part of the public. Then when it is further considered that the people of the vicinity, including two of the defendants, petitioned for the new road, that the other defendants acted upon said petition and allowed appellant damages for taking his land, that upon appeal to three supervisors the action of the commissioners in laying out said road was affirmed, the evidence is almost overwhelming against the existence of any such road by prescription as is claimed. When appellant was claiming larger damages than those awarded by the commissioners, it is passing strange that some tax payer of the neighborhood did not suggest the existence of a road by prescription if there had been any such. But this idea does not seem to have occurred to any one until af-

ter the commencement of this suit, when it became apparent that appellees could not justify their acts under the proceedings for the laying out of the new road, on account of appellant's damages not having been assessed upon his appeal. For these reasons we are of the opinion the defense set up by appellees was not sustained by the evidence. The judgment of the circuit court will be reversed and the cause remanded.

Reversed and remanded.