## The City of Chicago

*v.*

## James Stinson.

*Filed at Ottawa May 9, 1888.*

1. DEDICATION—*of the proof to establish a dedication—elements to be considered.* Before title can be divested by dedication, the proof must be very satisfactory, either of an actual intention to dedicate, or of such acts or declarations as will equitably estop the owner from denying such intention.

2. The two prominent elements to be considered in determining whether there has been a common law dedication or not, are the intention of the owner to dedicate, and the acceptance by the public of the intended dedication. The land owner must do some act, or suffer some act to be done, from which it can be fairly inferred he intended a dedication to the public.

3. SAME—*use by the public or by individuals, as showing there was a dedication.* Long use of land for a street, with acquiescence in such use by the owner, is sometimes regarded as in and of itself evidence of a dedication. But in cases of implied or presumed acquiescence or consent on the part of the owner, very much depends upon the location of the road or street, the amount of travel, the nature of the use of the public, the knowledge of the owner, and like circumstances. Acquiescence with knowledge of the use by the public, without objection, is not conclusive evidence of a dedication, for it may be rebutted.

4. Where land has been uninclosed for more than twenty years, as well as that lying around it, the mere fact that parties may have traveled over it in passing back and forth between a street and an avenue, does not, of itself, indicate an intention to dedicate the land so used.

5. Ditching across an uninclosed lot, at an early period, by private parties, for the purpose of draining their own land, and throwing up the earth to the center of a traveled way, without the knowledge or consent of the owner, is not sufficient to show a dedication of a street across the lot by the owner.

6. Nor will the fact that private parties laid planks over mud-holes over the lot on the line of the travel, without the knowledge or consent of the owner or his agent, nor that a sewer was laid along the traveled way, without the knowledge or consent of the owner.

APPEAL from the Superior Court of Cook county; the Hon. Joseph E. Gary, Judge, presiding.

Mr. CLARENCE A. KNIGHT, and Mr. GEORGE BARRY, for the appellant:

If the owner of the soil throws open a passage, and neither marks by any visible distinction that he means to preserve all his rights over it, nor excludes persons from passing through it by positive prohibition, he shall be presumed to have dedicated it to the public. *Rex* v. *Lloyd*, 1 Campb. 262; *Cincinnati* v. *White*, 6 Pet. 440; *Marcy* v. *Taylor*, 19 Ill. 636; *Wragg* v. *Penn Township*, 94 id. 24.

If land is used by the public as a street, with the knowledge and acquiescence of the owner, a dedication will be presumed. *Cincinnati* v. *White*, 6 Pet. 439; *Warren* v. *Jacksonville*, 15 Ill. 240; *Dimon* v. *People*, 17 id. 422; *Alvord* v. *Ashley*, id. 369; *Rees* v. *Chicago*, 38 id. 338; *Chicago* v. *Wright*, 69 id. 328; *Jarvis* v. *Dean*, 3 Bingh. 447; *Regina* v. *Petre*, 4 E. & B. 737; *Follansbee* v. *Chicago*, 62 Ill. 288.

When the intention to dedicate is established, the length of the public use is not important. *Marcy* v. *Taylor*, 19 Ill. 636; *Rees* v. *Chicago*, 38 id. 337.

It is not important whether the owners, at the time of the dedication, were non-residents, and had personal knowledge of what was done by their agents. *Barclay* v. *Howell*, 6 Pet. 512; *Dimon* v. *People*, 17 Ill. 416.

The extent of the dedication can not be limited by evidence that the ground was not fit for immediate use as a street. *Barclay* v. *Howell*, 6 Pet. 498; *Rowan* v. *Portland*, 8 B. Mon. 250; *Lake View* v. *LeBahn*, 120 Ill. 92.

Great importance is attached to the fact that investments and improvements have been made in reference to the dedication. *Godfrey* v. *City of Alton*, 12 Ill. 36; *Rees* v. *Chicago*, 38 id. 337; *Chicago* v. *Wright*, 69 id. 328.

As between the owner and the city, in a case like this, dedication is complete without acceptance other than public use. *People* v. *Commissioners of Highways*, 52 Ill. 501; *Marcy* v. *Taylor*, 19 id. 637; *Lake View* v. *LeBahn*, 120 id. 92.

Mr. Thomas Dent, for the appellee:

Mere acquiescence, even for twenty years, would not have prevented a recovery, under the evidence in this record rebutting a presumption of dedication. *Kyle* v. *Town of Logan,* 87 Ill. 66.

The view taken by the trial court, of the facts proved in this case, is fully sustained by various decisions by this court, as, for example, in the following cases:   *Kyle* v. *Town of Logan,* 87 Ill. 64; *Kelly* v. *City of Chicago,* 48 id. 389.

The cases cited in appellant's brief are not in point.

Mr. Justice Magruder delivered the opinion of the Court:

This is an action of ejectment begun on March 11, 1886, by the appellee against the appellant in the Superior Court of Cook county for the recovery of a strip of land forming a part of lot 31 in Stinson's subdivision of out-lots 1, 2 and 10 in canal trustees' subdivision section 31 in the city of Chicago. On October 22, 1887, the cause was by agreement submitted to the court for trial without a jury. The finding and judgment were in favor of the plaintiff below, the appellee here.

The city defended on the ground that the property sought to be recovered had been appropriated and was in use as part of a street. It is conceded, that the record title is good in appellee, but it is claimed by the city that there has been a common law dedication of the piece of land in question as a part of Jones or Paulina street.

Paulina street in this portion of the city runs from the south northward towards Archer road or avenue and terminates on the north at the south line of lot 31 if the strip in controversy is not a part of it, but extends up to and connects with Archer avenue if the strip is a part it. In other words, if the strip belongs to appellee, it lies between Archer avenue and the northern end of Paulina street and is in the way of the ex-

tension of Paulina street to Archer avenue. The following diagram shows the location of the lot and streets:

Before title can be divested by dedication, the proof must be very satisfactory either of an actual intention to dedicate, or of such acts or declarations as should equitably estop the owner from denying such intention. (*Kelly* v. *City of Chicago,* 48 Ill. 388.) Long use and long acquiescence in such use by the owner of land are sometimes regarded as, in and of themselves, evidence of a dedication. In cases, however, of implied or presumed acquiescence or consent on the part of the owner, very much depends upon the location of the road or street, the amount of travel, the nature of the use of the public, the rights asserted by the public, *the knowledge of the owner,* and like circumstances. (*Onstott* v. *Murray,* 22 Iowa, 457.) We have said: "Acquiescence, with knowledge of the use by the public, without objection, is not   *   *   *   conclusive

evidence of a dedication, for it may be rebutted." *Kyle* v. *Town of Logan*, 87 Ill. 64.

The two prominent elements to be considered, in determining whether there has been a common law dedication or not, are the intention of the owner to dedicate, and the acceptance by the public of the intended dedication. "The owner of the land must do some act, or suffer some act to be done, from which it can be fairly inferred he intended a dedication to the public." *Kyle* v. *Town of Logan, supra.*

Applying the principles thus announced to the facts of the present case we think that the proof fails to establish a common law dedication.

During more than twenty years before the beginning of this suit appellee was the owner of lot 31. It has been unenclosed and the land lying around it has been unenclosed. Under such circumstances the mere fact that parties may have traveled over it, in passing back and forth between Paulina street and Archer avenue, does not of itself indicate an intention to dedicate.

Appellee swears, that he has lived in Chicago since 1849, and that no street has ever been cut through lot 31 with his consent or approbation, and that he never learned of any claim, on the part of the city, to any portion of the lot for the purposes of a street until a short time before the beginning of this suit. His agent swears, that he paid all the taxes for the appellee upon lot 31 from 1862 to 1875, and from 1880 to 1887, and took up and cancelled certificates of sale, issued by reason of the sale of the lot for taxes during the years from 1875 to 1879. The portions of the lot, lying on the east and west sides of the strip in controversy, were not, during any of these years, separately assessed for taxation.

Without attempting an analysis of all the testimony, it is sufficient to refer to three main facts or circumstances, which are relied upon to prove such user and acquiescence as are claimed to indicate an intention to dedicate.

*First,* it appears that this part of lot 31 was ditched and graded in 1869. This ditching and grading, however, was not done by the city authorities or any other representatives of the public. One Lombard owned land south of lot 31, and, in order to accommodate his own property, he extended some ditching and grading, which he did along the line of Jones or Paulina street, northward across lot 31 to Archer avenue, thereby draining the water from the south into the sewer on Archer avenue. But this he did without consulting appellee. Stinson swears that he never knew that the strip in controversy was graded or ditched on either side, or that dirt from such ditches was thrown up in the center, as testified to by one or two of appellant's witnesses.

*Second,* it is claimed, that sidewalks were laid along the east and west sides of the strip in the year 1872 or about that time. For years previous to 1872, parties, who were in the habit of passing from Paulina street across the lot to Archer avenue, would put down planks to walk on over the mud holes. It does not appear whether the sidewalks in question were laid by such private parties or by the city authorities. Certain it is, that no notice was ever given appellee of the laying of such sidewalks, nor was his adjoining property assessed therefor. The testimony shows, that neither he nor his agent, Johnston, knew of the sidewalks claimed to have been built there.

*Third,* it appears that a sewer, running south and connecting the main sewer on Archer avenue with another sewer in Paulina street, was laid across lot 31. The records of the sewerage office seem to indicate that this sewer was built in 1878, but no witness speaks of having seen it earlier than 1882. Appellee swears, that he never knew that a sewer had been laid across his lot.

We think the evidence clearly shows, that appellee never had any intention of dedicating this piece of land to the public, nor is he proven to have had any such knowledge of the acts claimed to be evidences of user by the public as would

amount to acquiescence on his part. The circumstances, relied upon in this case to estop the appellee from denying an intention to dedicate, are not so strong and forceful as those which were held not to establish such intention in *City of Chicago* v. *Johnson,* 98 Ill. 618.

It is not pretended, that appellee ever conveyed this property to the city, or ever made any plat or subdivision with a street running through lot 31, or that the city ever instituted any proceedings to condemn, or ever acquired any rights by adverse possession for a statutory period of limitation. Hence, appellee ought not to be deprived of his land without compensation, unless the proof of a voluntary dedication of it to the public is clear and convincing. Such proof is wanting.

The judgment of the Superior Court of Cook county is affirmed.

*Judgment affirmed.*