## FONDA *v.* BORST.

### December, 1865.

The purchaser of rural property, under a deed in which the grantor bounds the premises conveyed by a road or proposed road over land retained by him, is entitled to a right of way over such land; but to entitle him to have the road or street opened to the width indicated upon the grantor's map, it must have been accepted by the public, by formal opening or by user.*

Garret T. B. Fonda sued John B. Borst in the supreme court, to compel the opening of a street. The complaint alleged that the defendant, in the year 1835, being the owner of certain lands in a place now known as the village of Fonda,

* Compare Bridger *v.* Pierson, 45 *N. Y.* 601 ; reversing 1 *Lans.* 481 ; Cox *v.* James, 45 *N. Y.* 557 ; affirming 59 *Barb.* 144.

caused them to be surveyed and laid out into lots, with streets, alleys and squares, and caused a map, upon which they were delineated, to be filed in the county clerk's office. That he sold and conveyed to divers persons a number of these lots, and in the deeds referred to and bounded such lots upon the streets delineated on the map. That defendant, on April 1, 1840, conveyed lot No. 390, as laid down on the map, to one Geo. W. Hatch. And by various mesne conveyances, the title thereto became vested in the plaintiff, by deed to him in fee. That said lot was bounded on three sides by lands belonging to defendant, and on the west side by a street called Broadway; which had been for some time open; and was now open and in use as a public highway down to and within about three hundred feet of the lot No. 390, to which there was no other way of access than across lands of defendant.

The prayer of the complaint was for the opening of Broadway, as laid down on the map, to the southwest corner of lot 390.

*The supreme court* held that, as toward the grantees, there was a complete dedication to the extent of the full width of the street; and gave judgment for plaintiff.

*E. T. Schenck*, attorney for defendant, appellant.

*H. B. Cushney*, for plaintiff, respondent.

BY THE COURT.—BROWN, J. [After stating the facts.]— The plaintiff having succeeded to the rights of Hatch, the defendant's grantee, is plainly entitled to an easement or right of way over and upon the street called Broadway, to the public highway. This result follows from the rule that when the grantor bounds the lands which he conveys, by roads, whether existing or to be made over the lands retained by him, the purchaser takes as an incident of the grant the right to the use of such roads. This is the rule with regard to rural property. So that whether the servitude which the plaintiff claims be a rural or an urban servitude, to this extent his claim could admit of no dispute. In regard to sales and conveyances of property in cities made with reference to maps in which streets are laid down and delineated, the rights of the grantees extend much further. Under certain circumstances, to which I will

allude, they have the right not only to the way or passage but also to have the streets opened and maintained of the width described on the map. It is said in some of the cases that there is an implied grant of the streets, and in others that the map becomes part and parcel of the deed of conveyance. But the principle upon which the right rests is that of dedication to the public for the uses of the street. This principle is held to apply whether the streets have been laid out by the public authorities or by the proprietors of the lands themselves. The adjudications upon the subject are mostly to be found in the reported cases for the assessment of the damages upon the opening of the streets for public use. The courts holding that, in view of such a clear and manifest intention by the donor to dedicate the land, and as he could use it for no other purposes, the damages to which he was entitled were merely nominal. In all these cases the rule is stated without any qualification, and in quoting from them, the fact that the public authorities were proceeding themselves to have the damages assessed and the street opened, was overlooked, or little or no consequence attached to it. Before the land can be deemed fully dedicated so as to entitle the purchasers to have the street opened to the width and extent mentioned in the map, it must have been accepted by the public by formally opening, as in the assessment cases referred to, or inferentially by user. This is the doctrine of the case of Badeau *v.* Mead, 14 *Barb.* 328; as it is also that of Holdane *v.* Trustees of Cold Spring, 21 *N. Y.* 474.

Judge WRIGHT, in the opinion, says: "To complete the dedication of a highway, if there be no formal acceptance by the public authorities, the acceptance should be made out by common user as a highway of the land dedicated. If the way attempted to be dedicated is not susceptible of public use or passage and cannot become a highway, it is difficult to see how a mere use by the public can be any evidence of acceptance." The case which the learned judge had under consideration was that of a *cul de sac* and could not be used as a public thoroughfare. The case now before us resembles it in this particular. The public authorities of the village of Fonda never had signified their acceptance of the street called Broadway. They had not taken any proceedings to open it, and the public had

not used it. It had been inclosed and used for cultivation since 1837 or 1838, the time the map was made and the street delineated upon it. It was under cultivation when Hatch obtained his deed.

Up to the time of the commencement of this action, the plaintiff had never been in possession of his lot, No. 390, but he walked to it once and climbed over the fence, and went upon it just before he commenced his action. There is a very sufficient reason why the public authorities did not accept and open the street, and why the public never used it. It was, at certain times of the year, incapable of public use, being overflowed by the waters of the Mohawk river. This overflow created an insurmountable obstacle to its use as a public street. For more than twenty years after the filing of the map, this proposed street has remained in a state of nature, unworked, untraveled and unused by any human being. Neither the plaintiff, nor any of those under whom he claims, has had occasion to go upon any part of it. If he or any of the other owners upon the street desire to have it accepted by the public authorities of the village of Fonda, and opened and worked for public use, and he or they are willing to bear their share of the burden of the improvement, it is open to them to do so. But, until it is accepted, either formally or inferentially, if he has at all times the right of passage over it, it is all he can demand. If this right is interrupted or impeded he has his common law action for damages against those who obstruct him in the enjoyment of this right. He is not satisfied with that, but invokes the equitable powers of the courts to open, under its judgment, this unmade street, to the extent of one hundred feet wide, when it will benefit no one, and there is every reason to think the public and the public authorities will have nothing to do with it. The authorities cited by Mr. Justice POTTER, in his dissenting opinion in the court below: Van Bergen *v.* Van Bergen, 3 *Johns. Ch.* 282; Attorney-General *v.* Nichol, 16 *Ves.* 338; Olmsted *v.* Loomis, 6 *Barb.* 152, 160; *Story Eq. Jur.* 925; are to the effect that the court of chancery does not interfere to prevent or remove a private nuisance unless erected to the prejudice or annoyance of a right long previously enjoyed. It must be a strong and mischievous case of pressing necessity, or the right

must have been previously established at law, to entitle a party to call to his aid the jurisdiction of the court. The most that the plaintiff can complain of is a private nuisance, from which he has not suffered and can hardly suffer the slightest prejudice.

The judgment of the general and special terms should be reversed, and a new trial ordered, with costs to abide the event.

All the judges, except DAVIES and WRIGHT, JJ., concurred.

WRIGHT, J., delivered a dissenting opinion, to the same effect as the decision of the court below.

Judgment reversed, and new trial ordered, costs to abide event.