IN THE MATTER OF THE APPLICATION OF THE BUFFALO, NEW YORK AND PHILADELPHIA RAILROAD COMPANY, RESPONDENT, TO APPRAISE CERTAIN LANDS, *v.* GILES B. OVERTON, APPELLANT.

*Proceedings by a railroad company to acquire title to land — a right of way appurtenant to a lot may be condemned — the right of the public to use a street cannot be set up as a defense by a lot owner whose rights are to be appraised.*

When the village of Olean was organized the territory comprised within its limits was delineated on a map, upon which blocks and streets were shown. Certain of these blocks, with the intervening strips designated as streets, were sold by the owner to the petitioner, a railroad company. Prior to that time other lots had been conveyed to different persons by deeds, which referred to the map in such manner as to give them private rights of passage over the said streets. The portions of the streets included within the land sold to the petitioner had never been opened or worked by the public, but it was claimed by the appellant, one of the prior purchasers of lots, that the said streets had been accepted as public streets by the village, and that it had been directed by a resolution of its board of trustees that they should be opened.

*Held,* that proceedings might be instituted by the railroad company to have commissioners appointed to appraise the damages to be sustained by the prior

purchasers of lots, by reason of the extinguishment of their private rights of way over the said streets.

That the owners of the said lots could not set up as a defense to such proceedings any right or interest which the village or the public might have in such streets, as such public interest would be in no way affected by the adjudication to be made.

APPEAL from an order of the Erie Special Term, denying a motion of the appellant to dismiss the petition and proceedings of the railroad company, and to vacate the order staying his proceedings in an action brought by him against the company, and appointing commissioners to appraise damages.

*George H. Phelps*, for the appellant.

*C. S. Cary*, for the respondent.

BRADLEY, J.:

This is a proceeding by the Buffalo, New York and Philadelphia Railroad Company, by petition, pursuant to Laws 1850, chapter 140, section 21, as amended by Laws 1881, chapter 649, to perfect its title to certain lands for the purposes of its railroad. The petition alleges that the petitioner purchased lands situated in the village of Olean, county of Cattaraugus; that embraced within it were three strips of land lying in a north and south course, sixty feet in width, described on the map or plat of the village as parts of Fourth, Fifth and Sixth streets; that Giles B. Overton, the appellant, owns lots situated between such Fifth and Sixth streets, and some distance south from the lands in question, and he has commenced an action against the petitioner and the village of Olean, claiming, and to require, that those streets should be opened.

The prayer of the petition is that commissioners be appointed to ascertain and appraise the compensation, if any, to be made to the owners or persons interested in the real estate proposed to be taken.

The appellant answered the petition, alleging the dedication of those strips as streets to the public, the acceptance of them as such by the village authorities, and his ownership, improvement and occupation of lots between Fifth and Sixth streets, and fronting on both, and the necessity or importance of their preservation against the attempted obstruction of them by the petitioner. The matters

were referred to a referee, who made his report, and afterward the matter came on to a hearing, upon the petition, answer and referee's report, and a motion was then made on behalf of the appellant to dismiss the petition and proceedings and vacate the stay of plaintiff's proceedings in his action (which had before been granted in this proceeding). The motion was, by the order of the court, denied, and commissioners appointed according to the prayer of the petition. From that order this appeal is taken.

The evidence taken by the referee does not appear in the appeal book. The facts so far as applicable upon which the appeal is to be determined are found in his report. He finds that the company requires for the purposes of its incorporation all the lands described in the petition, including the strips before mentioned, that the company was unable to agree with the appellant for the acquisition of the land, that when the village of Olean was organized the strips in question were delineated on a map which had been made as the village plat, as parts of Fourth, Fifth and Sixth streets, on which map were also described lines dividing the plat into blocks and lots, that afterwards, in 1869, the lands in question and those of the appellant and other lands adjacent were conveyed by one Sewell to Blakeslee by deed, designating them by blocks and lots, as described by numbers on the map referred to, and by the deed the grantors intention was expressed to convey the lots so described together with his interest, if any, in the streets adjoining them. These lots so conveyed appeared by the map to be bounded by streets amongst which were those in question, that on the 24th day of May, 1877, the board of trustees of the village of Olean passed a resolution directing that Fourth, Fifth and Sixth streets be opened, that nothing has been done towards opening Fourth and Fifth streets, and that nothing for that purpose has been done on Sixth street, except that in the year 1877 some work was done upon a small portion — about 300 feet — of that street by way of removing some roots and stumps, and cleaning a wagon path that distance; that the parts of those streets described in the petition are situated between Wayne and Reed street; that no part of such portions has ever been opened, or worked, or used, traveled or passable by the public as streets, or parts of streets, and that at the time of the commencement of this proceeding there was no public street or .

easement over the lands described in the petition as parts of Fourth, Fifth and Sixth streets, or any part of them, and that in the year 1881 Blakeslee sold to the appellant certain lots in block 40 according to the map, bounding them on the west by Sixth street and east by Fifth street. These premises of the appellant it appears are some distance south from those described in the petition. And he has considerably improved his lots and occupies them as a place of residence. The company, in 1883, took conveyance from Blakeslee of the premises in question to which it claims title.

The referee, as conclusions of law, determined that the right of the village authorities to open and work Fourth, Fifth and Sixth streets, had ceased before the proceeding had commenced; that there was then no public street, highway, easement, or right of way over any of the lands described in the petition, and that the appellant has a private right of way over the strips of land described therein as parts of Fifth and Sixth streets.

The contention, on the part of the appellant, relates to these streets described on the map referred to, and especially to those designated as Fifth and Sixth streets, and is that the petitioner has no right to appropriate them for the purposes of the structures for its railroad. In the conveyances, the owners by referring to the map and to these streets, and bounding the premises by them, dedicated those strips so designated as streets, to the public as such, and, as between them and their grantees, and those holding under the latter, they were streets or easements without any power of revocation in that respect, whether accepted by the municipal authorities or not. Those, as streets, pursuant to such dedication, were appurtenant to the premises conveyed and as between the parties and their successors in interest continued so. (*Livingston* v. *The Mayor*, 8 Wend., 85; *Wyman* v. *The Mayor*, 11 id., 486; *Bissell* v. *N. Y. C. R. R. Co.*, 23 N. Y., 62, 64; *Cox* v. *James*, 45 id., 557; *White's Bank* v. *Nichols*, 64 id., 73.) But until accepted by the public constituted authorities as such, they do not become public highways or streets, but the intermediate right is that of the owners of the premises affected by them, and have the nature of private easements, subject to become public by effectual acceptance. (*City of Oswego* v. *Oswego Canal Co.*, 6 N. Y., 257; *Fonda* v. *Borst*, 2 Abb. Ct. App. Dec., 155.) And after they become public highways

or streets, they cannot, under a general power to exercise the right of eminent domain, be so appropriated as to destroy them or defeat their use as such.   They cannot, by virtue of such general power *in invitum*, be taken from one public use to supply another.   (*In re Boston and Albany R. R. Co.*, 53 N. Y., 574; *Springfield* v. *Conn. R. R. Co.*, 4 Cush., 63.)   Those streets have not been opened or reduced to public use, nor are they capable in their present condition of being so used.   The private easement of the abutting property owners is established; that alone does not necessarily interrupt the appropriation to a public use, inconsistent with that of a public highway or street.   The appellant is such owner and has the right to use the fifth and sixth streets designated on the map. Whether the acceptance by the municipal authorities of Olean, in 1877, had the effect to make them public streets, or whether the statute applies to such a case and rendered the acceptance ineffectual by the six years' omission to proceed to open the streets (1 R. S., 520, § 99, as amended by Laws 1861, chap. 311 ; *Ludlow* v. *Oswego*, 25 Hun, 260), is not important in the view taken here, and we therefore give those questions no consideration and express no opinion upon them.   This proceeding relates exclusively to individual or private rights of property and, so far as they are legitimately affected by the appropriation in view, to ascertain what compensation the appellant and others coming within the prayer of the petition are entitled to.   The rights of the public are in no sense involved in the proceeding.   If they are in the way of making the result of this effectual, the petitioner of course will take no benefit from it.   The company has chosen to dispose of the private interests now, and it is not seen how any objection is properly available to the order of proceeding.   That does not seem to be a question here.  (*In re N. Y. C. and H. R. R. R. Co.*, 77 N. Y., 248.) If the petitioner has no right as against the public to appropriate those designated streets to the purpose designed, it will proceed, if at all, at its peril.   The constituted public authorities are not, in such case, without remedy, nor is the appellant, in another and different proceeding or action, to cause to be given protection to and relief against the unlawful invasion of the rights of the public. In proceedings of this character a stay, during its pendency, of proceedings in an action brought by a party to such proceedings against

the petitioner for relief in conflict with that sought in the proceeding, is contemplated by and provided for by the statute.

We are not advised fully of the purpose of the action brought by the appellant against the company, or of the relief there demanded, but are required to and do assume that it came within the provision of the statute, which affords the authority. to grant the stay, and that the power in that respect was properly exercised by the court. And no reason appears for interference on this review with the order in that respect.

The order should be affirmed.

ANGLE and CHILDS, JJ., concurred; HAIGHT, J., not sitting.

Order affirmed, without costs.