WILLIAM BROCKHAUSEN

*v.*

FREDERICK BOCHLAND *et al.* Commissioners of Highways.

*Filed at Ottawa May 13, 1891.*

1. HIGHWAYS — *abandonment — new line of road established.* The public may lose its right to a highway either by its being vacated, as provided by statute, or by abandonment. When a new line of road is located and opened in place of a part of a former one, over a more eligible route, which new road is more convenient, and renders the former absolutely useless, and the travel is thereafter on the new route, the former will cease to be a public highway, and the commissioners of highways will not be required to keep the same in repair.

2. CHANCERY — *variance between bill and decree.* In a court of equity the complainant must recover, if at all, on the case made by his bill. Therefore, on bill to prevent the removal of a bridge on the ground it is part of a public highway, and to have the same kept in repair, the complainant can not have a decree enjoining the removal of the bridge on the ground it is his property by being located on his land, and because he has an interest in the road and bridge as an abutting property owner, which can not be taken without just compensation.

APPEAL from the Appellate Court for the Second District;— heard in that court on appeal from the Circuit Court of Stephenson county; the Hon. J. A. CARTWRIGHT, Judge, presiding.

This is a bill by appellant, against appellees, to enjoin the removal of a bridge on an alleged highway. A temporary injunction having been issued, defendants moved to dissolve it, which motion was heard in the circuit court on the bill and affidavits in support of it, and the defendants' sworn answer. An order was entered allowing the motion and dismissing the bill. The Appellate Court for the Second District having affirmed that order, appellant now brings the record here for review.

That part of the bill necessary to be considered in the decision of the case is as follows: "That there is a public highway in said town leading from the city of Freeport to Rockford, in Winnebago county, in said State, and across a stream called Yellow creek, over which creek, where the highway crosses the same, there is an iron bridge about sixty feet long, with heavy stone abutments, costing over $2000, both of which road and bridge are a public highway; that appellees have been and are highway commissioners of said town, and have, as such, charge of the roads and bridges in said town; that appellant is the owner of a farm of about three hundred and sixty acres of land, which is divided by, and lies on both sides of, said creek, and that within said farm is located said bridge, where it crosses said creek, and that part of said highway as it passes over said farm; that appellant's dwelling, barn, stables and outhouses are on or near said highway and bridge, and that said bridge is the nearest bridge to appellant's dwelling, and that said highway and bridge are in daily and constant use by appellant and his family and servants in going and passing to and from the one to the other part of said farm, as divided by said creek; that it is highly necessary, to the free and convenient use of said farm, that said highway and bridge be

maintained and kept in good condition by the authorities of said town, for the use of appellant, as also for the public; that appellees, whose duty it is to keep said highway and bridge in good order, although they have money to do so, have neglected and violated their duty in that behalf, and allowed said bridge to get out of repair, and were about to cause it to be taken down, destroyed and removed, and threaten so to do." There is a prayer for summons, and that the defendants be perpetually enjoined from taking down, destroying or removing such bridge.

The sworn answer, with an accompanying plat, shows the following facts: Complainant's farm is situated in section 4, his dwelling house and other buildings being on the south-east quarter thereof. The highway mentioned in the bill enters said section from the west, and runs due east on the quarter-section line to a point 11.75 chains east of the center; thence south 35 degrees, east 11.75 chains; thence south 26¼ degrees, east 3.50 chains; thence south 5 degrees, west 4 chains, across the bridge in question, to a point opposite complainant's dwelling house, and thence in a south-easterly direction. The Chicago and Madison railroad is located diagonally through said section, from north-west to south-east, crossing said road on the quarter-section line 5.31 chains east of the center, and again 16.40 chains south-east thereof. After the location and construction of said railroad the highway commissioners of said town located a highway connecting with the old road at a point opposite complainant's dwelling house, and running thence north 76¾ degrees, west 10.50 chains; thence north 32 degrees 20 minutes, west 17.73 chains, connecting it with the old road at the center of said section, thus shortening the line of travel on said Freeport and Rockford road, and avoiding both crossings on said railroad. On this new road a bridge was constructed and is being maintained by the defendants, over said creek, about 11 chains north-westerly from complainant's buildings. This new road is also over complainant's

land, and he received as damages for its location $1350. He can, by traveling a short distance farther, cross said creek on the new bridge and reach the different parts of his farm the same as by crossing the old bridge. The answer expressly avers, that since the location and opening of the new highway above described, the public have entirely abandoned that part of the old road where the bridge in question is located, and this averment is not denied. The answer also alleges, that by reason of the location of the said railroad, the nature of the ground and the defective structure of said old bridge, it had become unfit for use, unsafe, etc.

Defendants admit, in their answer, that they were about to remove the bridge, but say they were doing so because it was no longer of public use, and also because it had become un-safe, and aver that they have no funds with which to repair the same. An affidavit, sworn to by complainant and three others, shows the relative situation of complainant's farm and buildings to said road and bridge, and that by being compelled to travel a greater distance to cross said stream, he will be inconvenienced and damaged by the removal of the bridge in question; also, that said bridge is not in an unsafe condition, and can be placed in good repair for a small sum of money.

Mr. J. A. CRAIN, for the appellant:

When a party has an interest in a highway it can not be vacated or taken from him without just compensation. If the road and bridge are "abandoned," so that the public have lost all rights in the old highway, this does not deprive appellant of his right and interest in the use of all parts of the old highway in connection with the enjoyment of his farm. Elliott on Roads, 658, 662; *Pearsall* v. *Supervisors,* 74 Mich. 558.

As to compensation and damages by being deprived of a highway, see *Rigney* v. *Chicago,* 102 Ill. 65; *Chicago* v. *Building Association,* id. 397; *Haynes* v. *Thomas,* 7 Ind. 43; *Railroad Co.* v. *Combs,* 10 Bush, 392.

If the old road be abandoned, appellant is the owner of the same and the bridge, and appellees have no right to destroy or tear it down.

Mr. HENRY C. HYDE, for the appellees:

The statements in the answer, if true, established that the portion of the old road including the bridge in question had been entirely abandoned, and another road in place of it legally acquired and adopted by the public, and that the bridge, therefore, was not in a public highway. It is believed this doctrine is fully sustained by the decisions in this State. *Grube* v. *Nichols*, 36 Ill. 92; *Champlin* v. *Morgan*, 20 id. 181.

If the public had only an easement in that portion of the highway abandoned, improvements, like the bridge in question, placed thereon by the town, would not pass to the owner of the soil upon the abandonment of the easement. The bridge, under such circumstances, would be accessory to the easement, and not an accession to the real estate, and the right to abandon the road carries with it the right to remove the bridge by the town or its officers. *Corwin* v. *Cowan*, 12 Ohio St. 629; *Wagner* v. *Railroad Co.* 22 id. 563; *Railway Co.* v. *Canton Co.* 30 Md. 347; Lewis on Eminent Domain, sec. 593.

Mr. JUSTICE WILKIN delivered the opinion of the Court:

Enough will appear from the foregoing statement of facts to show that the bridge in question, and that part of the old line of travel with which it was connected, have been wholly abandoned by the public. In fact, a mere inspection of a plat showing the location of the old and new roads will convince any one that the latter is by far the more convenient and safe route, and renders the former absolutely useless as a public highway. The public may lose its right to a highway either by its being vacated as provided by statute, or by abandonment. *Champlin* v. *Morgan*, 20 Ill. 181; *Grube* v. *Nichols*, 36 id. 92.

: Under the facts of this case and these decisions there can be no question that what is here termed the "old road" had ceased to be a public highway. This, in. fact, is not controverted in the argument, but appellant now seeks to maintain his right to the injunction prayed for, first, ·on the ground that, the road being abandoned, the bridge became his property, because it was located on his land; and second, that he has a private interest in the old road and bridge as. an abutting property owner, which can not be taken from him without just compensation, therefore he insists these property rights in the bridge·entitle him to maintain this bill, independent of the fact as·to whether a highway continues to exist there or not. A sufficient answer to these positions is the fact that the bill does not proceed upon the theory of complainant's individual ownership in the bridge or his personal rights to the road, but on the sole ground that there still exists a·public highway, and that it is the duty of defendants, as highway commissioners, to not only allow the bridge to remain where it is, but to keep it, and the roadway connected with it, in proper repair. The rule that a complainant, in equity, must recover, if at all, on the case made by his bill, is elementary. It has been strictly enforced by this court whenever invoked. *McKay* v. *Bissett et al.* 5 Gilm. 499; *Kellogg* v. *Moore,* 97 Ill. 282, and cases. there cited.

We are of opinion that the points above made are not well taken in any view of this case, but the defendants having made a complete defense to the bill as framed, by proof that a public highway did not exist at the place alleged, were entitled to the decree rendered by the circuit court, and beyond that they were not called upon to go.

The decree of the circuit court will be affirmed.

*Decree affirmed.*