## The Town of Brushy Mound

*v.*

## William McClintock, Jr.

*Filed at Springfield April 2, 1894.*

1. Highway—*dedication—acceptance by the public.* The fencing of land to correspond with an old road not laid out, without acceptance after that by the public, does not constitute a highway by dedication.

2. Same—*establishing by prescription—passive use.* The user of private property, to ripen into a prescriptive right, must be adverse to the owner. Mere passive use is never sufficient. It must also be open, adverse and under claim of right.

3. Same—*by prescription—over uninclosed lands.* In order to establish a public highway, by prescription, over uninclosed lands, there must be something more than mere travel over it by the public. It must appear that the user is under a claim of right in the public, and not by mere acquiescence on the part of the owner. Express notice is not necessary, but there must be such conduct on the part of the public authorities as to reasonably inform the owner that the highway is used under a claim of right.

4. Where a road through uninclosed land was on a tortuous line, the little work done on it in all the years it had been traveled can not be said to be notice that it was being used under a claim of public right. Where the authorities allowed other parts of the way to be fenced up and changed, the owner of the land had the right to presume that the road over it was being used by the public just as it was over other lands, and that by permitting it to be so used none of his rights were waived.

5. Same—*prescription—suffering parts of the road to be closed.* On the question whether a road is a highway by prescription, and especially where it is at least doubtful whether the user over a party's land was adverse, under a claim of right, or merely by permission, it is proper to show how the public authorities treated the road at other places, and that they suffered the owner of the lands to fence up the road.

6. Same—*changes in the line.* In determining whether, under the evidence, a public highway has been established over a defendant's land, the testimony as to changes at other points is also to be considered, as it is a part of the evidence in the case bearing on that question.

WRIT OF ERROR to the Appellate Court for the Third District;—heard in that court on appeal from the Circuit Court of Macoupin county; the Hon. JACOB FOUKE, Judge, presiding.

Messrs. ANDERSON & BELL, for the plaintiff in error:

The cases of *Kyle* v. *Town of Logan,* 87 Ill. 64, and *Fox* v. *Virgin,* 5 Bradw. 515, are cited to show that the public can not acquire a highway, by prescription, over vacant land. In those cases the travel by the public had been confined to no particular line, nor had the road been maintained by the public as a highway.

If a single track be used as and for a public road, and be traveled generally by the public, as such, without objection by the owner of the land for more than twenty years, though not fenced on either side, it may become a highway by prescription. *Shugart* v. *Halliday,* 2 Bradw. 45.

Slight deviations in the line of travel, to avoid a temporary obstruction, will not defeat the prescriptive right. *Gentleman* v. *Soule,* 32 Ill. 271.

Mr. R. B. SHIRLEY, for the defendant in error:

To establish a highway by prescription, it must be shown that the use of it, as such, has been public for twenty years, adverse or under claim of right, uninterrupted, with the acquiescence, and yet without agreement, of the owner of the land, made within that period. *Gentleman* v. *Soule,* 32 Ill. 271; *Toof* v. *Decatur,* 19 Bradw. 204.

The tract of land of appellee was wild, uninclosed timber or brush land. The mere acquiescence of the owner in public travel over his wild, uninclosed timber land for over twenty years is not sufficient to give the public title to any part of the land. *Fox* v. *Virgin,* 5 Bradw. 515.

The public does not acquire a public road over vacant and unoccupied land by travel over the same for twenty years or more, merely from acquiescence on the part of the owner.

*Kyle* v. *Town of Logan*, 87 Ill. 64; *Fox* v. *Virgin*, 5 Bradw. 513; *Warren* v. *Jacksonville*, 15 Ill. 236; *State* v. *Horn*, 35 Kan. 717.

The evidence, however, of those changes is important, in going to show that neither the public nor the public authorities ever held, or claimed to hold, the road adversely to the owners of the land,—an element which is necessary to an easement. A permissive use can not be adverse, and will not serve as a basis of a claim of right of way. *Pentland* v. *Keeps*, 41 Wis. 490; *Jones* v. *Davis*, 35 id. 376; *Talbot* v. *Grace*, 30 Ind. 389.

Mr. JUSTICE WILKIN delivered the opinion of the Court:

Appellee was sued, before a justice of the peace, for placing and maintaining an obstruction in a public highway, and judgment was recovered against him. He appealed to the circuit court of Macoupin county, where the case was tried before the court without a jury, and judgment rendered in his favor. From that judgment appellant prosecutes this appeal.

The only substantial question in the case is, whether the *locus in quo* had become a public highway by prescription. There was a traveled way over the north-east quarter of the south-east quarter of section 16, township 9, range 7, Macoupin county, owned by appellee at the time, across which he erected fences—the alleged obstructions. This traveled route crossed the south line of the forty near the south-west corner, and ran in a meandering, north-easterly direction, to the north line, about thirty-two rods east of the north-east corner, thence east to the corner, and thence north. This road extending across the forty-acre tract was part of a continuous line of travel from south-west to north-east, which had been used by the public for more than twenty years, but it is not shown that any part of it was ever legally laid out and opened. During the earlier years of travel it was over uninclosed timber land. The land of appellee seems to have been post oak timber,

partly cut off and grown up in brush. There is no proof of a road having been opened over it, and from its meandering course the line of travel doubtless became fixed, as frequently happened in the early settlement of the country, by persons finding the most convenient way across timber land without cutting down the trees and bushes. The land remained vacant and uninclosed until about four years prior to the beginning of the suit before the justice of the peace, except that many years prior to that time one Julian, then owning the land, made an improvement on it, placing a fence across the road, and thereby changing the line of travel around a small orchard. The improvement was abandoned, and the old line was resumed about twenty-one or twenty-two years prior to the suit. There was, in 1878, a small amount of work done by the public on this land, at a hill near the south line, and there was perhaps some brush cut away at places to widen it. North and south of defendant's land work was done from time to time. It is not denied that within twenty years substantial changes had been made in the road, both north and south, by land owners fencing across it and forcing the travel around fields, upon the lines, and that the road authorities, without legal proceedings to vacate the old road or locate a new one, acquiesced in such changes. Over the defendant's land the travel has been substantially on the same line, except as it temporarily changed to avoid a "mud hole" or a "bush." About four years ago defendant inclosed the land on the east, and then built his fence near the east side of the road, following its meanderings, but in February, 1891, fenced across it near the north and south lines of his land.

Conceding that the act of building defendant's fence to correspond with the road indicated an intention to make a dedication to the public, there is no claim of acceptance after that time by the public, and hence it could not be successfully contended that there was a highway by dedication. In fact no such claim is made. Had a public road been established,

by prescription, over the defendant's land prior to February, 1891? The circuit court held there had not. It refused a proposition submitted by the plaintiff, holding "that, under the evidence in this case, a public highway is shown to exist at the time and place where and when the obstructions mentioned in the evidence were placed," etc. It also refused to hold several other propositions submitted by plaintiff, to the effect that changes at points not on defendant's land would not operate to defeat the right of the public to the highway at the places obstructed. Manifestly, our decision must turn upon the ruling of the court on the first proposition. Refusing it, rendered the others immaterial. In determining whether, under the evidence, a public highway was established over defendant's land, the testimony as to changes at other points was, of course, to be considered, because it was part of the evidence in the case bearing on that question, but there is nothing in the record from which it can be assumed that the case turned upon that particular fact.

It is well understood that the user of private property, to ripen into a prescriptive right, must be adverse to the owner. Mere permissive use is never sufficient. "It must also be open, adverse, and under claim of right." (*Gentleman* v. *Soule,* 32 Ill. 279.) "Our experience teaches that land has been used by the public in different parts of the State, for purposes of travel, when it was vacant and unoccupied, the owner having no occasion to occupy it exclusively. It would be unjust to say that the public, by this acquiescence, under such circumstances, acquired a title to a part of the land." (*Kyle* v. *Town of Logan*, 87 Ill. 64.) In order to establish a public highway, by prescription, over uninclosed lands, there must be something more than mere travel over it by the public. It must appear that the user is under a claim of right in the public, and not by mere acquiescence on the part of the owner. Express notice is not necessary, but there must be such conduct on the part of the public authorities as to reasonably inform

the owner that the highway is used under a claim of right. In the first place, it is unreasonable to suppose that road authorities would claim, or a property holder suspect, that a public highway was to be located on the tortuous line of the road in question. The little work done on it in all the years that it has been traveled can not be said to amount to notice that it was being used under a claim of public right. The work did not amount to an improvement of a public highway. It was rather for the temporary purposes of travel. If the intention had been to claim it as a public highway, it is but reasonable to suppose that it would have been opened out and improved, so that "driving around mud holes and bushes" would have been unnecessary.

But we think the slight circumstance of work having been done on defendant's land, as indicating a claim of public right, is more than rebutted by the fact that much more work was done at other places, and changes allowed to be made without objection. If the evidence had clearly established a prescriptive right over defendant's land, without reference to other parts of the road, that right would not have been defeated by obstructions and changes at other places, but when it is, to say the least, doubtful whether the user over defendant's land was adverse, under claim of right, or merely permissive, it is important to know how the public authorities treated it at other places. We think the owners of the forty-acre tract, as reasonably prudent men, had a right to presume that the road over it was being used by the public just as it was over other lands, and that by permitting it to be so used none of their rights were waived.

Our conclusion is that the circuit court was justified, from all the evidence in the case, in holding that the plaintiff failed to prove that the place obstructed was a public highway. Its judgment will therefore be affirmed.

*Judgment affirmed.*