James G. Clinnin, W. J. Lavery and Louis Albert v. George D. Raugh, Lena L. Raugh and Maria Facklann.

1. Chancery Practice—*Relief Must be Consistent with the Pleadings and Proofs.*—In chancery proceedings the allegations of the pleadings as well as the proofs must be consistent with the relief granted.

Bill for Relief.—Appeal from the Superior Court of Cook County; the Hon. Farlin Q. Ball, Judge, presiding. Heard in this court at the October term, 1899. Reversed and remanded. Opinion filed April 9, 1900.

Statement.—Appellee Maria Facklann being the owner of the equity in certain farm lands in Indiana, and appellant Clinnin being owner of the equity in an improved lot in Chicago, a contract for the exchange of their equities was made between them. The legal title to the farm was vested in George Raugh, who joined Mrs. Facklann, the equitable owner, in executing the contract. An incumbrance, not disclosed at the making of the contract and not contemplated by it to be assumed, was discovered by Clinnin to exist and constitute an additional lien upon the Indiana lands. This discovery led to the making of an additional agreement, a part of which is as follows:

" In consideration of the premises and $1.00, agreement witnesseth, that said second party (Clinnin) shall be entitled to take possession of property in recital mentioned, and said parties of the first part (appellees) covenant that such taking shall in no way be construed a waiver by second party of his right to good title in fee simple, but said first parties covenant and agree that they will at their own charges, etc., make and tender good title in fee simple to said property (subject as aforesaid to Hall, Weaver & Co's. claim of $1,200), satisfactory to attorney of said second party, and until title is tendered, second party shall in no way be bound to carry out the purchase, nor be liable to first parties for use and acceptance thereof. It is agreed that this agreement shall be binding upon heirs, executors and

assigns; that fixed charges by way of interest shall be borne by first parties until title is cleared up; fixed charges upon premises to be conveyed by second party shall be borne by second party who shall collect revenue therefrom until title is cleared up."

As a result of this agreement appellant Clinnin took possession of the farm of Mrs. Facklann and retained possession of his own property in Chicago. Effort was made by Mrs. Facklann to induce Clinnin to give her possession of the latter property, but without avail. Appellees, Mrs. Facklann, George Raugh and Lena Raugh, his wife, began their suit to have the contract for the exchange of the property rescinded. In the bill of complaint it was alleged that the contract was obtained through fraud. The only relief sought was a rescission of the contract *in toto*, and an injunction in aid of such relief. The defendants, appellants here, answered, denying fraud, conspiracy, etc., and praying only to be dismissed with their costs.

Upon bill, answer and replication, a hearing was had. At the hearing Clinnin professed to be willing to carry out the contract or to have it rescinded, if he could be repaid the expenses which he had incurred.

Evidently for the purpose of adjusting all of the rights and equities of the parties, the court entered a decree which in effect orders a specific performance of the contract. From that decree this appeal is prosecuted.

W. J. LAVERY, attorney for appellants.

FRANK P. BLAIR and L. A. GILMORE, attorneys for appellees.

MR. PRESIDING JUSTICE SEARS delivered the opinion of the court.

It is apparent from this record that the learned chancellor before whom the cause was tried, endeavored by the decree to adjust all the respective equities of the parties. We regret that we can not sustain the decree. The difficulty is, that upon a bill of complaint, alleging fraud and con-

spiracy in obtaining the execution of the contract and praying for a rescission *in toto* and for no other sort of relief, a decree has been entered ordering a specific performance of the engagements of the parties. Nowhere in the pleadings is this relief sought by any of the parties. The bill of complaint is so framed that the relief granted is wholly inconsistent with it. The granting of this relief in effect finds that the bill of complaint is not sustained. The relief granted, however just and equitable, can not be sustained upon the pleadings in this suit. The allegations of the pleadings, as well as the proof, must be consistent with the relief granted. Brockhausen v. Bochland, 137 Ill. 547, and cases there cited.

Therefore the decree must be reversed and the cause remanded.