FRANCIS W. MEADE *et al.*, Plaintiffs-Appellants, *v.* COMMONWEALTH EDISON CO. *et al.*, Defendants-Appellees.

Third District   No. 75-340

Opinion filed April 29, 1977.

Philip A. Troha and George Troha, both of Joliet, for appellants.

Douglas L. Ziech, of Murphy, Timm, Lennon & Spesia, and Herschbach, Tracy, Johnson, Bertani & Wilson, both of Joliet, and Richard Wilder, of Morris, for appellees.

Mr. JUSTICE STOUDER delivered the opinion of the court:

Plaintiffs, Francis and Marjorie Meade, brought this action in the circuit court of Will County against Commonwealth Edison Company, Illinois Bell Telephone Company, Forward Land Development Corporation and other individuals, to enjoin defendants from obstructing and interfering with the use of a public road. After a bench trial, the trial judge found that the road had never become a public road and entered judgment for the defendants from which plaintiffs appealed.

This litigation involves the land immediately adjacent to either side of a section line which is the common boundary between plaintiffs' land on the east and Forward Development's land on the west. The area in dispute extends along this line north to the Du Page river and south to the Channahon-Minooka blacktop and is commonly called Ford Road. Ford Road is alleged to comprise a 60-foot strip of land generally centered on the section line, which positions the road 30 feet on plaintiffs' land and 30 feet on Forward's land. To call the area in dispute a road is somewhat of a misnomer. Various witnesses testified concerning the impassibility of the road by automobile. Others testified that 6-inch-round trees over 20 feet high covered portions of the road. Dense brush covered the road to such an extent that a surveyor could not take a line of sight down the section line which, according to plaintiffs, was the middle of the road.

Forward, as owner of the tract of land west of the section line, planned and built a subdivision which was bordered on the east by the section line and Ford Road. A 10-foot wide strip of land along the west side of the section line was reserved by Forward as a utilities easement to serve the subdivision. Along this 10-foot easement, defendant Commonwealth

Edison installed transformer boxes and defendant Illinois Bell buried phone cables. It was alleged that the installation of these utilities obstruct and interfere with passage along Ford Road. The issue presented at trial and on appeal is whether Ford Road has ever become a public highway pursuant to section 2—202 of the Illinois Highway Code (Ill. Rev. Stat. 1975, ch. 121, par. 2—202). Plaintiffs' claim that Ford Road has become a public road pursuant to that section and by the public's prescriptive use of Ford Road for the statutory period of 15 years.

In deciding for defendants, the trial court found that "the evidence does not establish that Ford Road, at the parts thereof at issue in this case, is now or ever has been a public roadway or highway." The sole issue on appeal is whether this finding and the trial court's decision was against the manifest weight of the evidence.

■■  Since maintenance of a road at public expense is one indicia that the road is a public highway (*Zacny v. Sasyk*, 30 Ill. App. 3d 93, 332 N.E.2d 568), various public officials were called to testify concerning the maintenance of the road at the expense of the local township. Their testimony establishes at most five occasions in the last 50 years when small amounts of township funds were used to care for the road. In contrast, their testimony established that most work done on the road was done at the insistence of the adjacent private landowners at their own expense. In fact, several road commissioners refused to expend any township funds to maintain Ford Road. While the evidence does show minor road work done on the road at public expense, such minor work performed by highway authorities is not conclusive that the alleged road is a public highway. (*People v. Waitkus*, 30 Ill. 2d 335, 196 N.E.2d 668.) Refusal of road commissioners to perform maintenance work on the road is a strong indication that the road is not a public highway. *Zacny v. Sasyk*, 30 Ill. App. 3d 93, 332 N.E.2d 568.

■■  It is also important to note that Ford Road was assessed and taxed as private property and not a public road. While such a fact does not compel a finding that the road is not a public highway, it is a factor to be considered. *People v. Waitkus*, 30 Ill. 2d 335, 196 N.E.2d 668.

■■  The condition of a road often indicates whether the public at large has claimed the right to travel upon it. (*Town of Brushy Mound v. McClintock*, 150 Ill. 129, 36 N.E. 976.) Here, the road claimed to be a public highway was overrun with thick brush and large trees. Abandoned junk cars often dotted the alleged right-of-way. Testimony indicates that the road was narrow and had no definite lines of travel. We fail to see how the public has acquired a prescriptive right to use the road in light of such facts.

■■  Plaintiffs rely heavily upon evidence showing that the road has been used often by themselves, the owners of several summer cottages

along the river, and members of a gun club located to the northeast of plaintiffs' property. Such a limited and restricted use by the various property owners and their guests is not usually sufficient to support a claim of right in the public generally. See *People v. Waitkus*, 30 Ill. 2d 335, 196 N.E.2d 668; *Swinford v. Roper*, 389 Ill. 340, 59 N.E.2d 863.

■■ The evidence at trial was substantial and we have set forth only a brief summary of its most significant aspects. After giving due consideration to all the evidence, as well as the arguments and authorities advanced by counsel and the trial court's written order, we do not believe the judgment of the trial court was against the manifest weight of the evidence. Accordingly, the judgment of the circuit court of Will County is affirmed.

Judgment affirmed.

ALLOY, P. J., and BARRY, J., concur.