VIRGIL YASTE, Plaintiff-Appellant, v. WESLEY RUST, Fulton County Superintendent of Highways, Defendant-Appellee.

Third District   No. 3—87—0318

Opinion filed May 4, 1988.—Rehearing denied June 13, 1988.

Ronald L. Hamm, of Hamm & Hanna, Ltd., and Kim L. Kelley, both of Peoria, for appellant.

Karen L. Kendall and Gary D. Nelson, both of Heyl, Royster, Voelker & Allen, of Peoria, for appellee.

JUSTICE HEIPLE delivered the opinion of the court:

The plaintiff, Virgil Yaste, appeals from the court's order dismissing his complaint for a writ of *mandamus* for the defendant Fulton County Superintendent of Highways to repair and maintain a certain roadway. We reverse.

For our purposes, the statutory terms "road" and "highway" are synonymous. (See Ill. Rev. Stat. 1985, ch. 121, par. 2—202.) Section 6—401 of the Illinois Highway Code (Ill. Rev. Stat. 1985, ch. 121, par. 6—401) provides that after landowners present a proper petition alleging that a certain road needs repair or maintenance, the county superintendent of highways shall hold a hearing. If the superintendent determines that the described road needs repair or maintenance by the appropriate highway commissioner, then he shall order the commissioner either to make proper or necessary repairs or to properly maintain the road. Ill. Rev. Stat. 1985, ch. 121, par. 6—401.

The record shows that the plaintiff wished to have the roadway at issue maintained so he could use it to gain access to a piece of his property. He previously reached his property by traveling across neighboring land with the neighboring landowner's consent. When the neighboring land was sold, the plaintiff lost his consensual passage to it. Thereafter, pursuant to section 6—401 of the Illinois Highway Code (the Code) (Ill. Rev. Stat. 1985, ch. 121, par. 6—401), the plaintiff petitioned to have the instant roadway maintained by the County.

The former Fulton County highway superintendent held a hearing pursuant to section 6—401 and found that approximately 60 years ago

there was a public road where the plaintiff requested current maintenance. However, he found that the road had been abandoned and that the county was not now required to repair or maintain it. Thereafter, the plaintiff brought the instant *mandamus* action, seeking to compel the Fulton County highway superintendent's repair and maintenance of the roadway.

The trial court initially dismissed the plaintiff's complaint, finding that a claim for *mandamus* did not lie. The plaintiff appealed; we reversed and remanded. We found that the court should have held a hearing to determine whether the road had been legally abandoned. We further held that although dismissal of the complaint would be proper after a finding that the road was abandoned, if the road were not abandoned it would be incumbent upon the court to order the highway superintendent to comply with the statute. *Yaste v. Pedigo* (1986), 144 Ill. App. 3d 1184 (unpublished Rule 23 order).

After its hearing on remand, the court found insufficient evidence that the roadway at issue was a dedicated public road. Additionally, the court assumed *arguendo* that the roadway was a public road; and it found legal abandonment as the road had not been used or needed by the public for over 60 years. It again dismissed the plaintiff's complaint. The plaintiff appealed, arguing that the court erred in dismissing his complaint. We agree.

■ Initially, we observe that the existence of a public road may be established pursuant to statute, by dedication, or by prescription. (Ill. Rev. Stat. 1985, ch. 121, par. 2–202.) The court found no dedication, but it did not address whether the instant passageway had been statutorily or prescriptively established as a road. The plaintiff presented a 1918 plat book indicating the road. He also presented several elderly residents of the area who testified that they recalled that the roadway both was used and maintained by the county during their youth. Additionally, the plaintiff testified that a portion of the instant roadway was maintained by the county in 1965. (See *Meade v. Commonwealth Edison Co.* (1977), 48 Ill. App. 3d 312, 362 N.E.2d 779.) Furthermore, we note that following his hearing on the plaintiff's petition, the county superintendent of highways found it "evident that there was a public road *** [which may] have been maintained by the township [approximately 60 years ago]."

■ Obviously, to prove the establishment of an aged road presents special difficulties. The plaintiff made a showing, and the defendant, who focused on the issue of abandonment, presented no evidence to rebut the plaintiff's evidence. We find that the record does not support dismissal for an inadequate demonstration of exist-

ence of a public road. In so finding, we note that in his appellate brief's comments on whether the instant roadway is a "road," the defendant merely asserts without argument that the facts in this case parallel those in *Brockhausen v. Bochland* (1891), 137 Ill. 547, 27 N.E. 458. The defendant's reliance on that case is inappropriate. The *Brockhausen* court merely held that the "old road" in question had ceased to be a public highway because it had been abandoned by the public in favor of an alternate, more convenient and safe route.

■ On the remaining question of whether the instant road has been abandoned, we observe the following. Under aged but nonetheless vital case law, a public highway "remains such until it is vacated by the public authorities in the manner prescribed by the statutes, or is abandoned by non-user on acquiring the legal right to another road, or where the necessity for another road has ceased to exist." (*Chicago & Eastern Illinois Ry. Co. v. Road District No. 10* (1933), 353 Ill. 160, 165, 187 N.E. 155.) Mere nonuse is not sufficient to establish abandonment; rather, abandonment will be deemed where the public has ceased to travel a highway for a length of time sufficient to clearly indicate their acceptance of a new highway acquired with consent of the public authorities. *Chicago & Eastern Illinois Ry. Co. v. Road District No. 10* (1933), 353 Ill. 160, 166, 187 N.E. 155.

■ With reference to the law of *Chicago & Eastern Illinois*, we find the court's finding of abandonment against the manifest weight of the evidence. The instant road may be grown up with plants. Further, it may have been many years since the road was either used for passage or maintained. Nevertheless, we consider determinative the unrebutted evidence that the plaintiff, who seeks to use the road for access to his otherwise landlocked property, neither has now nor has had at any relevant time in the past the legal right to an alternate access route to his property.

The defendant presents no authority for his suggestion that the road should be deemed abandoned because the plaintiff did not act to secure continuing alternate access to his land by passage over neighboring land. There has been no abandonment of the road as there has been no acceptance of a new road. Additionally, we note that there is no argument that the road has been statutorily vacated.

■ Based on the foregoing, the judgment of the circuit court of Fulton County is reversed and remanded. We direct the circuit court to order a writ of *mandamus* to issue against the defendant, Wesley Rust, to comply with the mandate of section 6—401 of the Code (Ill. Rev. Stat. 1985, ch. 121, par. 6—401) and for the trial court to further consider the question of damages and costs in conformity with the rul-

ings of this court in this matter and the views therein expressed.

Judgment reversed; writ of *mandamus* ordered to be issued by circuit court; cause remanded for issuance of writ of *mandamus* and for further proceedings regarding plaintiff's prayer for damages and costs.

Reversed and remanded.

SCOTT and WOMBACHER, JJ., concur.